[No. S051463. Feb. 20, 1997.]

In re MANZY W., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MANZY W., Defendant and Appellant.

Counsel

William I. Parks, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Roger E. Venturi, Shirley A. Nelson and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

MOSK, J.—Welfare and Institutions Code section 702 provides that, in a juvenile proceeding, "[i]f the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." In this juvenile adjudication, the superior court imposed a felony-level term of physical confinement in the Youth Authority for an offense that would, in the case of an adult, be punishable either as a misdemeanor or as a felony—a so-called "wobbler"—but did not expressly declare that it was a felony.

We granted review to determine whether the juvenile court's error requires remand for a declaration that the offense was a felony or misdemeanor and possible recalculation of the term of commitment. We conclude that it does. Under the circumstances here presented, "[w]e are compelled by the statute and decisional authority to return this case to juvenile court with directions to determine the character of the offense as required by [Welfare and Institutions Code] section 702." (*In re Kenneth H.* (1983) 33 Cal.3d 616, 620 [189 Cal.Rptr. 867, 659 P.2d 1156]; see also *In re Ricky H.* (1981) 30 Cal.3d 176, 191 [178 Cal.Rptr. 324, 636 P.2d 13].) Accordingly, we affirm the judgment of the Court of Appeal.

I.

On August 27, 1994, Manzy W. was placed under citizen's arrest by his mother for "joyriding" in Redding after he took her car without permission. (Pen. Code, § 499b [taking a vehicle for temporary use].) He told the investigating officer that he had taken the car because he was "just trying to get her attention." He was released into her custody. At the time, he was on juvenile probation based on sustained juvenile wardship petitions alleging the offenses of receiving stolen property, in violation of Penal Code section

496, subdivision (a), and misdemeanor battery, in violation of Penal Code section 242.

On February 6, 1995, Manzy was a passenger in a car that was stopped by an officer of the Redding Police Department. When asked if he had any identification, he stated that he did not and identified himself as "John Jacob James." The driver consented to a search of the car; the officer found 2 marijuana smoking pipes, 3.3 grams of rock cocaine, 5.9 grams of methamphetamine, and $25 under the rear seat where Manzy had been sitting.

On February 8, 1995, a juvenile wardship petition was filed in the Shasta County Superior Court sitting as the juvenile court, pursuant to Welfare and Institutions Code section 602, alleging possession of a controlled substance, to wit, methamphetamine, in violation of Health and Safety Code section 11377, subdivision (a); sale or transportation of a controlled substance, to wit, methamphetamine, in violation of Health and Safety Code section 11379, subdivision (a); false identification to a police officer, in violation of Penal Code section 148.9, subdivision (a); and use of a motor vehicle without permission, "joyriding," in violation of Penal Code section 499b. The petition referred to each of the controlled substance offenses "a Felony." A supplemental petition, pursuant to Welfare and Institutions Code section 777, subdivision (a), alleged that he had previously been declared a ward of the court and was ordered not to use any restricted drugs, to submit to warrantless search for drugs, and to obey all laws.

On February 27, 1995, Manzy admitted the allegations concerning possession of a controlled substance and joyriding. The juvenile court found those allegations true and dismissed the remaining allegations against him.

The dispositional report prepared by the probation department stated that the maximum term of physical confinement for possession of a controlled substance as a felony was three years, while the maximum term for joyriding was one month.[1] It recommended, inter alia, that "he be committed to Shasta County Juvenile Hall [for] 75 days with discretion given to the probation officer to release [him] in 60 days should [his] behavior so warrant with

---

[1] In the case of a juvenile, computation of the maximum period of confinement involves determining the *upper term* of imprisonment for the most serious offense—in this case, three years—then adding any consecutive time imposed for other counts. (Welf. & Inst. Code, § 726, subd. (c) ["[M]aximum term of imprisonment" for minor defined as "the longest of the three time periods set forth in paragraph (2) of subdivision (a) of Section 1170 of the Penal Code."].) Whereas in the case of an adult, a special finding of aggravation must be made before the upper term for an offense can be imposed (Pen. Code, § 1170, subd. (b)), the same is not true in the case of a juvenile adjudged a ward of the court.

discretion to furlough the minor to Phoenix [a drug rehabilitation program] if appropriate." Although the recommendation was not for a felony-length term of confinement, the dispositional report did not indicate that the possession offense was a so-called "wobbler" or that the juvenile court could or should declare the offense to be a misdemeanor.

The juvenile court conducted a dispositional hearing on March 13, 1995. After both the prosecutor and Manzy's counsel agreed with the recommendation of the probation department, Manzy's mother interrupted the proceedings to express her disagreement with the recommendation and to request that Manzy "be ordered to participate in drug and mental health counseling." "I think there needs to be some real cause-and-effect going on. And I'm especially concerned because we're discussing him coming back to my home and, although [a] former substance abuser myself, I have almost five years and I live in a clean and sober environment and I'm really not prepared to allow—I mean, if I had a neighbor that was abusing drugs, I'd try to get them out of my neighborhood, let alone having a person in my home." The juvenile court observed that "Manzy may be a really good candidate" for LEADS, a "highly structured, intensive substance abuse program" within the confines of the Youth Authority. It found that "the mental and physical condition and qualifications of Manzy are such as to render it probable that he will benefit by the reformatory educational discipline or other treatment provided by the Youth Authority." Stating "for the record" that it had "considered, carefully, lesser alternative placements in alliance with or in consideration of *In re Ricky H.* 30 Cal.3d 176," it committed him to the Youth Authority for a maximum period of physical confinement of three years for the possession offense, and an additional one month for "joyriding." The minute order includes a finding that "the minor shall make a good candidate for the LEADS Program."

Manzy appealed. He contended that the juvenile court had erred by failing to expressly declare whether the possession offense was a felony or a misdemeanor and by committing him to the Youth Authority. The Court of Appeal found no error in commitment, but did find error in failure to declare expressly that the offense was a felony or misdemeanor and remanded for compliance with Welfare and Institutions Code section 702 and possible recalculation of the maximum period of physical confinement. The People sought review. We granted review.

II.

Welfare and Institutions Code section 702, in relevant part, provides: "If the minor is found to have committed an offense which would in the case of

an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony."

What is not at issue is what the juvenile court must do. The language of the provision is unambiguous. It requires an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an adult. (Webster's New Internat. Dict. (3d ed. 1961) at p. 586 [defining "declare" as "to make known publicly, formally, or explicitly" "to state emphatically"]; see also Cal. Rules of Court, rule 1494(a) ["Unless determined previously, the court shall find, and note in the minutes, the degree of the offense committed by the child, and whether it would be a felony or a misdemeanor had it been committed by an adult."]; *id.,* rule 1488(e) ["[T]he court shall make findings on each of the following, noting in the order . . . [¶] . . . [¶] (5) In a [Welfare and Institutions Code] section 602 matter, the degree of the offense and whether it would be a misdemeanor or a felony had the offense been committed by an adult . . . ."].)

The requirement is obligatory: "[Welfare and Institutions Code] section 702 means what it says and mandates the juvenile court to declare the offense a felony or misdemeanor." (*In re Kenneth H., supra,* 33 Cal.3d at p. 619; *In re Ricky H., supra,* 30 Cal.3d at p. 191; Welf. & Inst. Code, § 15 [" 'Shall' is mandatory and 'may' is permissive."]; Cal. Rules of Court, rule 1401(b)(1) [" 'Shall' is mandatory and 'may' is permissive."].)

What *is* at issue is what happens if the juvenile court does not do what it must. That is, we must determine whether failure to make the mandatory express declaration requires remand of this matter for strict compliance with Welfare and Institutions Code section 702. Under our precedents, we conclude that it does. (*In re Kenneth H., supra,* 33 Cal.3d at p. 620; *In re Ricky H., supra,* 30 Cal.3d at p. 191.)

 The People argue that Welfare and Institutions Code section 702 serves a merely "administrative" purpose unrelated to any benefit of the minor and is, for that reason, "directory" rather than "mandatory." (*In re Richard S.* (1991) 54 Cal.3d 857, 865-866 [2 Cal.Rptr.2d 2, 819 P.2d 843].)[2] We disagree.

---

[2]As we explained in *Richard S.*: "A statutory requirement may impose on the state a duty to act in a particular way, and yet failure to do so may not void the governmental action taken in violation of the duty. [Citations.] This distinction is generally expressed in terms of calling the duty 'mandatory' or 'directory.' '[T]he "directory" or "mandatory" designation does not refer to whether a particular statutory requirement is "permissive" or "obligatory," but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates.' " (*In re Richard S., supra,* 54 Cal.3d at p. 865.)

It is true that Welfare and Institutions Code section 702 serves the collateral administrative purpose of providing a record from which the maximum term of physical confinement for an offense can be determined, particularly in the event of future adjudications. That it was intended to serve this purpose is evident from its legislative context. The statute was enacted in 1976, as part of a substantial modification to the juvenile court law. (See Stats. 1976, ch. 1071, pp. 4814-4833.) Under the revised law, for the first time, a minor could not be held in physical confinement longer than an adult convicted of the same offense. (Welf. & Inst. Code, § 731, as amended by Stats. 1976, ch. 1071, § 30, p. 4829 ["A minor committed to the Youth Authority may not be held in physical confinement for a period of time in excess of the maximum period of imprisonment which could be imposed upon an adult convicted of the offense which brought the minor under jurisdiction of the juvenile court."].) Juvenile wardship petitions were required to specify as to each offense whether it was a felony or misdemeanor. (Welf. & Inst. Code, § 656.1, as amended by Stats. 1976, ch. 1071, § 24.5, p. 4824 ["Any petition alleging the minor is a person described by Section 602 shall specify as to each count whether the crime charged is a felony or a misdemeanor."].) In addition, when a minor was removed from the physical custody of a parent, the juvenile court was required to specify that he or she could not be held in physical confinement longer than an adult convicted of the same offense. (Welf. & Inst. Code, § 726, as amended by Stats. 1976, ch. 1071, § 29, p. 4827 ["In any case in which the minor is removed from the physical custody of his parent or guardian as the result of an order [of] wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense which brought the minor under the jurisdiction of the juvenile court."].)[3]

The modifications conformed to our decision in *People* v. *Olivas* (1976) 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375]. There, we held that former Welfare and Institutions Code section 1770 violated the equal protection

---

[3] " 'Physical confinement' " is defined as "placement in a juvenile hall, ranch, camp, forestry camp or secure juvenile home . . . or in any institution operated by the Youth Authority." (Welf. & Inst. Code, § 726.) In 1977, the statute was further amended to conform to the newly enacted determinate sentencing law. Thus, the juvenile court was required to specify, in the order of juvenile wardship, the "maximum term of imprisonment" for an offense. As noted, the "maximum term of imprisonment" is defined as the "longest of the three time periods" as determined by the determinate sentencing statute unless the offense was a misdemeanor or a felony not included within the scope of the statute, in which case "the 'maximum term of imprisonment' is the longest term of imprisonment prescribed by law." (Welf. & Inst. Code, § 726, as amended by Stats. 1977, ch. 1238, § 1, pp. 4158-4159, eff. Oct. 1, 1977.) In the case of a so-called "wobbler," the length of the term specified would, inevitably, depend on whether the offense was deemed a felony or a misdemeanor.

clauses of the Fourteenth Amendment of the United States Constitution and article I, section 7, subdivision (a) of the California Constitution, insofar as it authorized the Youth Authority to maintain control over juveniles tried as adults and convicted of misdemeanors for any period of time in excess of the maximum jail term permitted by statute for the offense committed. (17 Cal.3d at p. 243; but see *id.* at fn. 11 [expressly reserving consideration of the issue whether involuntary confinement of a juvenile "adjudged *under the Juvenile Court Law as a juvenile*" for a term in excess of the maximum term for an adult would also violate the equal protection clauses.].) The new provisions also facilitated the juvenile court's determination of the maximum term of imprisonment when it ordered physical confinement on multiple counts to be imposed consecutively or, in the case of repeat offenders, aggregated the period of physical confinement for present and prior offenses.[4]

Prior to the 1976 modifications, then, it was unnecessary for the juvenile court to determine whether a so-called "wobbler" would, in the case of an adult, be a felony or a misdemeanor; it could impose a term of physical confinement without regard to the maximum term of imprisonment for an adult convicted of the same offense. Thereafter, such a finding became essential, in order to establish the maximum period of physical confinement for the offense.

The requirement of a declaration by the juvenile court whether an offense is a felony or misdemeanor was thus directed, in large part, at facilitating the determination of the limits on any present or future commitment to physical confinement for a so-called "wobbler" offense. If, for example, the juvenile court committed the minor to the Youth Authority for a present offense, the required declaration would constitute a record, for the purposes of determining the maximum term of physical confinement, whether the offense was a misdemeanor or felony. If, on the other hand, the juvenile court imposed probation, the required declaration would constitute a record, for the purposes of determining the maximum term of physical confinement *in a*

---

[4]Earlier drafts of the legislation would also have given adult courts jurisdiction over "special juvenile offenders"—minors 16 years of age or older, who had a previous felony conviction or juvenile court felony finding, including a so-called "wobbler." (See Assem. Com. on Criminal Justice, Comment on Assem. Bill No. 3121 (1975-1976 Reg. Sess.) Apr. 28, 1976, p. 2.) The drafts would also have revised Welfare and Institutions Code section 702 to assist the juvenile court in determining whether the minor committed prior felony offenses. In addition to requiring it to declare whether a so-called "wobbler" was a misdemeanor or a felony, the proposed legislation would have required "the photographing and fingerprinting of any minor adjudicated a 602 based on a felony, so that the prior will be established for purposes of determining, on a subsequent arrest, whether the minor is a special offender." (Assem. Com. on Criminal Justice, Comment on Assem. Bill No. 3121 (1975-1976 Reg. Sess.) Apr. 28, 1976, p. 3.) Neither the "special offender" provision nor the photographing and fingerprinting requirements appeared in the final version of the legislation.

*subsequent adjudication*, whether the prior offense was a misdemeanor or a felony.

But the purpose of the statute is not solely administrative. As *Kenneth H.* and *Ricky H.* acknowledge, the requirement that the juvenile court declare whether a so-called "wobbler" offense was a misdemeanor or felony also serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its discretion under Welfare and Institutions Code section 702. For this reason, it cannot be deemed merely "directory." (See *People* v. *McGee* (1977) 19 Cal.3d 948, 963 [140 Cal.Rptr. 657, 568 P.2d 382].)[5]

The People also argue that the juvenile court's imposition of a felony-length term in this matter constitutes an "implied" declaration under Welfare and Institutions Code section 702. Our previous decisions in *Ricky H.* and *Kenneth H.* expressly hold otherwise.

In *Ricky H.*, the minor admitted several allegations of burglary and additional allegations of assault by means of force likely to produce great bodily injury, and escape from juvenile hall. (*In re Ricky H., supra,* 30 Cal.3d at p. 180.) The social report prepared by the probation department "recited that the probation officer had considered placement alternatives, but recommended a Youth Authority commitment." (*Id.* at p. 181.) The juvenile court followed the recommendation and set a maximum confinement time of "three years on the most severe charge, the assault with force likely to produce great bodily injury, and ordered all other counts to run concurrently." (*Id.* at p. 182.) It did not, however, declare the offense, a so-called "wobbler," to be a felony or a misdemeanor, pursuant to Welfare and Institutions Code section 702.

We ordered remand: "The record does indicate that the offense was described as a felony in the [Welfare and Institutions Code] section 602 petition and that appellant admitted the truth of the charge. However, the preparation of a petition is in the hands of the prosecutor, not the court. The mere specification in the petition of an alternative felony/misdemeanor offense as a felony has been held insufficient to show that the court made the decision and finding required by [Welfare and Institutions Code] section 702. [Citation.] Similarly, the setting of a felony-level maximum period of confinement has been held inadequate to comply with the mandate of [Welfare and Institutions Code] section 702. (*In re Dennis C.* (1980) 104 Cal.App.3d 16, 23 [163 Cal.Rptr. 496].) While the minutes of the dispositional hearing recited that the minor was committed to the Youth Authority

---

[5]We disapprove *In re Andres M.* (1993) 18 Cal.App.4th 1092 [23 Cal.Rptr.2d 170], which incorrectly so held.

'for conviction of felony, to wit: Vio. 245a PC,' the transcript of the dispositional hearing, as in *Dennis C.*, 'does not support this notation.' (*Ibid.*)" (*In re Ricky H.*, *supra*, 30 Cal.3d at p. 191, italics added.)

We thus expressly approved *In re Dennis C.* (1980) 104 Cal.App.3d 16, 23 [163 Cal.Rptr. 496]. (*In re Ricky H.*, *supra*, 30 Cal.3d at p. 191.) In *Dennis C.*, the juvenile court found true the allegations that the minor committed forgery and battery against a police officer—both so-called "wobblers"—and resisting an officer, a misdemeanor. (*In re Dennis C.*, *supra*, 104 Cal.App.3d at pp. 18-19.) It ordered him committed to the Youth Authority for one year for obstructing the officer, and three years for each for the forgery and battery offenses, all commitments to be served consecutively. It did not, however, comply with Welfare and Institutions Code section 702. The Court of Appeal concluded that remand was required: "The contention that the court indirectly complied with the mandatory provisions of section 702 and the rules of court by committing appellant for the maximum term that can be imposed on the battery and forgery violations is not persuasive. As appellant has argued, it is entirely possible that the judge simply sentenced Dennis C. as a felon without considering the possibility of sentencing him as a misdemeanant. Because of this possible oversight, we have no alternative but to remand the matter to the juvenile court for clarification." (104 Cal.App.3d at p. 23; see also *In re Curt W.* (1982) 131 Cal.App.3d 169, 186 [182 Cal.Rptr. 266] [remanding "[t]o remove that nagging doubt that [the juvenile court] gave consideration to possible misdemeanor disposition"]; *In re Jeffery M.* (1980) 110 Cal.App.3d 983, 985 [168 Cal.Rptr. 337] ["Nothing should be subject to surmise. To affirm these orders is to encourage sloppy performance of duty."].)

*Kenneth H.*, also citing *Dennis C.* with approval, reiterated that neither the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony. (*In re Kenneth H.*, *supra*, 33 Cal.3d at pp. 619-620.) Instead, "the crucial fact is that the court did not state at any of the hearings that it found the [offense] to be a felony." (*Id.* at p. 620)[6]

*Kenneth H.* addressed the significance of the finding required by Welfare and Institutions Code section 702. "Most important, the finding determines

---

[6]*Kenneth H.* noted that in *In re Robert V.* (1982) 132 Cal.App.3d 815, 823 [183 Cal.Rptr. 698], "a signed 'Findings and Order' which stated that the charged Vehicle Code *felony* was to run concurrent with a prior commitment was held in compliance with section 702 in that it was an 'explicit finding' of felony status." (*In re Kenneth H.*, *supra*, 33 Cal.3d at p. 620, fn. 6.)

the maximum period of physical confinement. Under [Welfare and Institutions Code] section 726, a minor removed from the custody of a parent or guardian may not be held for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense which brings the minor within the jurisdiction of the juvenile court. [¶] Further, the potential for prejudice from a finding of felony status has been increased by passage of Proposition 8, which provides that any prior felony conviction, whether adult or juvenile, 'shall . . . be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding.' " (*In re Kenneth H., supra*, 33 Cal.3d at p. 619, fn. 3.) As the People concede, it may also have substantial ramifications in future criminal adjudications of the minor, including under Penal Code section 667, subdivision (d)(3)(A)—the "Three Strikes" law—which provides that certain prior juvenile adjudications "shall constitute a prior felony conviction for the purposes of sentence enhancement." As they assert, "some of these prior adjudications could include offenses that are 'wobblers.' " In addition, of course, " '[i]t is common knowledge that such an adjudication when based upon a charge of committing an act that amounts to a felony, is a blight upon the character of and is a serious impediment to the future of such minor." (*In re Mikkelsen* (1964) 226 Cal.App.2d 467, 471 [38 Cal.Rptr. 106].)

We also reject the People's argument that Evidence Code section 665 requires us to "presume" that the juvenile court performed its official duty. We are unpersuaded that such a presumption is appropriately applied when the juvenile court *violated* its clearly stated duty under Welfare and Institutions Code section 702 and there is nothing in the record to indicate that it ever considered whether the possession offense was a misdemeanor or a felony.

At the same time, we disagree with the minor that remand is, in effect, "automatic" whenever the juvenile court fails to make a formal declaration under Welfare and Institutions Code section 702. The holdings in *Kenneth H., supra*, 33 Cal.3d 616, and *Ricky H., supra*, 36 Cal.3d 176, do not so require. Thus, speaking generally, the record in a given case may show that the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler. In such case, when remand would be merely redundant, failure to comply with the statute would amount to harmless error. We reiterate, however, that setting of a felony-length maximum term period of confinement, by itself, does not eliminate the need for remand when the statute has been violated. The key issue is whether the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense as a misdemeanor and to state a misdemeanor-length confinement limit.

## III.

■ Applying the foregoing analysis to the present matter, we conclude that remand is required.

Manzy was charged with unauthorized possession of a controlled substance. The offense is punishable "by imprisonment in the county jail for a period of not more than one year or the state prison." (Health & Saf. Code, § 11377, subd. (a).) As such, it would in the case of an adult be punishable either as a misdemeanor or a felony. Specifically, for an adult convicted of the same offense, a misdemeanor conviction would be punishable by a term of imprisonment in the county jail of no more than one year. A felony conviction would be punishable "by imprisonment in any of the state prisons for 16 months, or two or three years." (Pen. Code, § 18.) Accordingly, as the dispositional report in the present matter indicated, the maximum period of physical confinement, if the juvenile court determined that the minor's offense was a felony, would be three years.

The juvenile court was required, under Welfare and Institutions Code section 702, to declare whether the possession offense was a misdemeanor or felony. In failing to do so, it erred. Nothing in the record establishes that the juvenile court was aware of its discretion to sentence the offense as a misdemeanor rather than a felony. Although it rejected the recommendation of the probation department of a 75-day commitment to Shasta County Juvenile Hall and committed the minor to a felony-level term—a maximum of 3 years in the Youth Authority—for the offense, the juvenile court did not at any time refer to its discretion to declare the offense a misdemeanor. Nor did the prosecution or Manzy's counsel point out to the juvenile court that it had such discretion. Significantly, moreover, although the dispositional report prepared by the probation department recommended that Manzy be given a 75-day *term of probation*, it consistently referred to the possession offense as "a felony." Indeed, it ends with an underscored notation that the "total maximum term of confinement is three (3) years and one (1) month" for the possession and joyriding offenses—a felony-length term that would be inconsistent with a misdemeanor finding.

Under these circumstances, as the Court of Appeal concluded, it would be mere speculation to conclude that the juvenile court was actually aware of its discretion in sentencing Manzy. Although the juvenile court stated that it had considered, and rejected, "lesser alternative placements," it did not at any time indicate that it actually considered a lesser alternative term of confinement, based on whether the possession offense would, in the case of an adult, be a misdemeanor, as opposed to a felony. Rather, it appears that the

juvenile court sentenced Manzy to a felony-length term in the California Youth Authority principally because of the lack of drug treatment options outside the California Youth Authority.[7] Nor can we fairly conclude that it would be merely a redundant exercise, in the face of this record, to send this matter back to the juvenile court for a finding under Welfare and Institutions Code section 702.

For these reasons, we affirm the decision of the Court of Appeal to the extent it orders remand to the juvenile court for an express declaration pursuant to Welfare and Institutions Code section 702 and possible recalculation of the maximum period of physical confinement.

George, C. J., Kennard, J., Werdegar, J., Chin, J., and Brown, J., concurred.

MOSK, J.—I concur, of course, in the majority opinion that I authored for the court. I write briefly to respond to the dissenting opinion, which refers to my dissenting opinion in *In re Kenneth H.* (1983) 33 Cal.3d 616 [189 Cal.Rptr. 867, 659 P.2d 1156].

In *Kenneth H.* I expressed the view, as a matter of personal belief, that remand was unnecessary under the specific facts of that case, and that literal compliance with Welfare and Institutions Code section 702 represented "but one more step in a seemingly inexorable process . . . of converting juvenile proceedings into formal criminal trials." (*In re Kenneth H., supra,* 33 Cal.3d at p. 622 (dis. opn. of Mosk, J.).)

I have not succeeded, however, in persuading my colleagues of the soundness of that view. After reflection, I have decided not to beat a rataplan, but to join with the majority here as a matter of stare decisis. Moreover, in light of the increasingly serious consequences of a determination that a so-called "wobbler" would, in the case of an adult, be a felony, I do not share the view of the dissenting opinion that remand under these circumstances is merely a redundant exercise.

Even if one can perceive an inconsistency between a previous point of view and the court's conclusion in this case, I am reminded of the philosophy of Justice Frankfurter (*Henslee* v. *Union Planters Bank* (1949) 335 U.S.

---

[7]At the hearing, the juvenile court referred to *Ricky H.*: "I want to state for the record that I've considered, carefully, lesser alternative placements in alliance with or in consideration of In re Ricky H., 30 Cal.3d 176." It evidently referred to that portion of our decision in which we discussed whether it was an abuse of discretion to commit the minor to the Youth Authority without giving consideration to less restrictive placement alternatives—not to its discretion under Welfare and Institutions Code section 702. (See *In re Ricky H., supra,* 30 Cal.3d at p. 182.)

595, 600 [69 S.Ct. 290, 292-293, 93 L.Ed. 259] (dis. opn. of Frankfurter, J.)) subsequently quoted by Justice Rutledge and Justice Jackson: "Wisdom too often never comes, and so one ought not to reject it merely because it comes late."

**BAXTER, J.**—I dissent.

The declaration requirement in juvenile "wobbler" cases (Welf. & Inst. Code, § 702) was enacted in order to facilitate determination of the limits on any present or future commitment to physical confinement. Where the record explicitly reflects the court's commitment of a juvenile to the maximum felony term of confinement on a wobbler offense, the limits are clearly determinable and there is no risk of confusion in subsequent adjudications that the offense had been deemed a felony, as opposed to a misdemeanor. In such instances, it serves no useful purpose to additionally require a formal utterance that the offense is a felony.

This is such a case, and then some. In the underlying proceedings, Manzy W. admitted allegations contained in a juvenile wardship petition charging him with *felony* possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a), and with "joyriding" in violation of Penal Code section 499b. These allegations were found true by the juvenile court. Before committing Manzy, the court considered a probation department report stating that the maximum term of physical confinement for possession of a controlled substance *as a felony* was three years and that the maximum term for joyriding was one month. The recommendation of the report, however, was to commit Manzy to a lesser, *nonfelony-length* period of confinement of 75 days at Shasta County Juvenile Hall "with discretion given to the probation officer" for an earlier release or furlough if appropriate. After hearing objections from Manzy's mother, the juvenile court opted to reject the department's recommendation and instead committed Manzy to the Youth Authority for the maximum felony confinement period of three years for the possession offense and one month for the joyriding offense.

As Justice Mosk previously and so cogently stated under circumstances similar to these, "I deem it a redundant exercise, in the face of this record, to send the matter back to the trial judge merely to require him to recite again, this time by incantation in the words of the statute, a conclusion that he has previously reached and substantially related." (*In re Kenneth H.* (1983) 33 Cal.3d 616, 622 [189 Cal.Rptr. 867, 659 P.2d 1156] (dis. opn. of Mosk, J.).)

In the matter before us, Justice Mosk leads the charge in the opposite direction, adhering blindly to prior decisions which uncritically assumed that

trial judges are unfamiliar with wobbler offenses, that judges do not know when the criminal offenders who appear before them are charged with wobblers, and that judges are unaware of their discretion to treat such offenses as either felonies or misdemeanors. (E.g., *In re Kenneth H.*, *supra*, 33 Cal.3d 616; *In re Ricky H.* (1981) 30 Cal.3d 176 [178 Cal.Rptr. 324, 636 P.2d 13]; *In re Dennis C.* (1980) 104 Cal.App.3d 16 [163 Cal.Rptr. 496].) Those assumptions find no support in the law and are patently unreasonable. More importantly, there is no evidence that the Legislature subscribed to such notions or that the statute was intended to remedy a perceived problem supposedly caused by ignorant judges. For these reasons I believe Justice Mosk's previous assessment of the issue was the correct one.

By committing Manzy to the maximum three-year felony period of confinement despite the probation department's recommendation of a lesser nonfelony term, the juvenile court made plain its conclusion that it deemed the possession offense to be a felony rather than a misdemeanor. Since further clarification of the instant record is unnecessary and serves no legitimate purpose, I would dispense with a remand to the juvenile court.