Filed 7/11/13  In re Clayton I. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re CLAYTON I., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CLAYTON I.,<br><br>        Defendant and Appellant. | C071894<br><br>(Super. Ct. No. JV133773) |

The minor, Clayton I., appeals from a dispositional order adjudicating him a ward of the court after he admitted allegations he made criminal threats (Pen. Code, § 422). He contends on appeal that the matter must be remanded to the juvenile court to exercise its discretion to declare whether the offense constituted a felony or a misdemeanor.  The

1

People agree. We reverse and remand for the trial court to exercise its discretion and otherwise affirm the adjudication.

## FACTS AND PROCEEDINGS

According to the probation report, the 12-year-old minor became angry with his mother, grabbed two butcher knives, and came at her, yelling "I'm going to kill you, fucking bitch." After the mother fought off the minor and escaped injury, the minor ran to his school, where he tried to assault the school principal.

The minor was charged in an amended wardship petition with three felony counts of assault with a deadly weapon, one felony count of making criminal threats, one felony count of possessing knifes on school grounds and one misdemeanor vandalism charge.

Pursuant to negotiations, the minor ultimately admitted the allegation he "did commit a felony, a violation of Section 422 of the Penal Code in that said minor did willfully and unlawfully threaten to commit a crime . . . ." Prior to accepting the minor's admission, the trial court informed him that the maximum possible period of confinement was three years. The juvenile court then dismissed the remaining charges, and proceeded immediately to disposition. The minor was made a ward of the court and placed on probation subject to (among others) being put in a suitable placement.

## DISCUSSION

The parties agree that, because the juvenile court did not declare the minor's offense to be either a felony or a misdemeanor, and did not demonstrate that it knew it was required to do so, the matter must be remanded. We agree.

A criminal threat in violation of Penal Code section 422 is a "wobbler" offense, i.e., one that, if committed by an adult, is punishable alternatively as a misdemeanor or a felony. (Pen. Code, § 422, subd. (a).) Welfare and Institutions Code section 702 requires the juvenile court to declare whether a so-called "wobbler" offense is a felony or a misdemeanor. A minor's admission of a wobbler offense charged as a felony does not

2

constitute an "adjudication" of the misdemeanor or felony status of that offense; the juvenile court's declaration of its status must be "express." (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1201, 1208 ; see also *In re Cesar V.* (2011) 192 Cal.App.4th 989, 1000.) The reason for this requirement of explicitness is that such a declaration determines the minor's maximum period of confinement and much about his or her future. (See *Manzy W.,* at pp. 1208-1209.)

Remand is required where the juvenile court does not make the requisite express felony/misdemeanor declaration of a wobbler offense, and nothing in the record indicates that the juvenile court considered whether the offense was a felony or a misdemeanor. (*In re Manzy W., supra*, 14 Cal.4th at p. 1209.) Given the stakes at issue, the presumption under Evidence Code section 664—in a silent record case, the juvenile court is presumed to have performed its official duty—does not apply. (Cf. *ibid*. [the *Manzy* court erroneously cited this presumption as Evidence Code section 665].)

At no point during the hearing in this case did the juvenile court orally indicate on the record whether the threat offense is a felony or a misdemeanor. Nor did the court indicate it was required to make such a determination. Although the minute order memorializing the jurisdictional proceeding notes that the offense is a felony, this is not sufficient. We agree with the parties that remand for a felony/misdemeanor determination by the juvenile court is necessary.

## DISPOSITION

The matter is remanded to the juvenile court for compliance with Welfare and Institutions Code section 702 and possible recalculation of the minor's maximum period of confinement. In all other respects, the judgment is affirmed.

                                                      HULL            , J.

We concur:

      RAYE         , P.J.

      BUTZ         , J.