Filed 8/29/13  In re D.J. CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re D.J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. D.J., Defendant and Appellant. | E057587 (Super.Ct.No. J239933) OPINION |

APPEAL from the Superior Court of San Bernardino County.  Brian Saunders, Judge.  Affirmed and remanded with directions.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Andrew Mestman and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

The juvenile court found true that defendant and appellant D.J. (minor) committed an assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1), count 1) and possessed a weapon, to wit, a knife with a blade longer than two and one-half inches or with a locking blade, on school grounds (Pen. Code, § 626.10, subd. (a)(1), count 2) as alleged in a Welfare and Institutions Code section 602 petition.  Minor was thereafter continued as a ward of the court, removed from parental custody, and placed in a foster care facility.

Minor's sole contention on appeal is that the matter must be remanded because the juvenile court erred in failing to make the mandatory finding whether count 1 was a felony or misdemeanor.  The People agree, but note that the court did not make the required finding for either count 1 or 2.  We also agree, and will remand the matter to allow the juvenile court to exercise its discretion as to both counts.

I

FACTUAL BACKGROUND

On October 16, 2012, a student at Twenty-nine Palms High School was walking between classes when he heard minor say, "'I don't like him.  I'm going to f-u-c-k him up.'"  As the student kept walking, minor ran up to him, pulled out a knife with a two and three-fourth inch blade, and began swinging it at him.  Minor's actions caused a small cut to the student's elbow.  Minor subsequently fled, and the student went to the nurse's office where his cut was bandaged.

II

DISCUSSION

Minor contends the juvenile court failed to state whether it was exercising its discretion in declaring the assault with a deadly weapon offense (count 1) as either a felony or misdemeanor and, therefore, the matter must be remanded. The People concede the issue, and note that the court did not make its required finding as to either count. We agree.

Welfare and Institutions Code section 702 requires the juvenile court to expressly declare on the record whether an offense, which may be treated either as a felony or as a misdemeanor (a "wobbler"), is in fact to be treated as a felony or as a misdemeanor. The purpose of this requirement is to make a clear record from which the minor's maximum term of confinement may be calculated. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204-1205.)

The juvenile court's duty to make the declaration affirmatively on the record is mandatory, and not merely directory. (*In re Manzy W.*, *supra*, 14 Cal.4th at pp. 1204-1207.) The provision requires strict compliance. (*Id*. at p. 1204.) Thus, neither the imposition of a felony-length sentence nor the specification of the offense as a felony in the charging document is sufficient evidence that the court exercised its discretion to treat a "wobbler" as a felony rather than a misdemeanor. (*Id*. at pp. 1208-1209.) Even if we might, inferentially, find clear the court's intention to treat the offense as a felony, the California Supreme Court has held that "neither the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration

3

by the juvenile court as to whether an offense is a misdemeanor or felony.  [Citation.]"
(*Id*. at p. 1208.)

Here, a violation of Penal Code sections 245, subdivision (a)(1), and 626.10, subdivision (a)(1), are "wobblers," punishable either as a felony or a misdemeanor.  (Pen. Code, § 17, subd. (b).)  While in the subsequent petition both crimes were alleged as felonies, nothing in this record demonstrates that the juvenile court was aware of its discretion to impose sentence for the offenses as misdemeanors rather than as felonies. The juvenile court never declared count 1 or count 2 constituted a felony at either the jurisdictional hearing or dispositional hearing.  Rather, the court simply found that counts 1 and 2 were true beyond a reasonable doubt.  Further, although there was some discussion by the prosecutor of the maximum term of confinement, neither the prosecutor nor minor's counsel mentioned the court's discretion to declare the offenses as misdemeanors or felonies.  Therefore, the matter must be remanded for the juvenile court to comply with Welfare and Institutions Code section 702.  (*In re Manzy W*., *supra*, 14 Cal.4th at p. 1211.)

III

DISPOSITION

The matter is remanded to the juvenile court for an express declaration, in exercise of its discretion, whether minor's commission of the allegations in counts 1 and 2 should be deemed felonies or misdemeanors.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RAMIREZ
P. J.


We concur:


KING
J.


CODRINGTON
J.