Filed 9/27/13  In re E.F. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re E.F., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>E.F.,<br><br>    Defendant and Appellant. | F066487<br><br>(Super. Ct. No. 12CEJ600618-2)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Judge.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Wiseman, Acting P.J., Gomes, J., and Kane, J.

The court readjudged appellant, E.F., a ward of the court (Welf. & Inst. Code, § 602)**[1]** after it found that appellant committed residential burglary (count 1; Pen. Code, §§ 459/460, subd. (a)) and grand theft (count 2; Pen. Code, § 487, subd. (a)).  On January 11, 2013, the court aggregated time from a previous petition, set appellant's maximum term of confinement at seven years four months, and committed him to the Pre-Adolescent Program for a period not to exceed 63 days.

On appeal, appellant contends the court erred by its failure to declare the character of his grand theft offense. We will find merit to this contention and remand the matter to the juvenile court.  In all other respects, we affirm.

## FACTS

On November 29, 2012, at approximately 9:42 p.m., appellant and several other males broke into an apartment in Fresno and took numerous items including a television, a computer, and a cell phone.

## DISCUSSION

Appellant contends the court failed to declare whether his grand theft offense was a felony or a misdemeanor and that the court's error requires this matter to be remanded to the juvenile court for this purpose.  Respondent concedes and we agree.

Section 702 provides:  "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony."

Grand theft is a so-called "wobbler" offense because it can be punished as a misdemeanor or a felony.  (Pen. Code, §§ 17, 487, subd. (a).)  In *In re Manzy W.* (1997) 14 Cal.4th 1199 (*Manzy W.*), the Supreme Court held that the failure to expressly declare

---

**[1]**     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

the character of an offense subject to section 702 requires remand to the juvenile court for strict compliance with that section (*id.* at p. 1204), unless the record shows that despite its failure to comply with the statute, the court was aware of, and exercised, its discretion to determine the felony or misdemeanor nature of a wobbler offense (*id* at p. 1209).

The court here failed to declare the character of appellant's grand theft offense at appellant's adjudication hearing or disposition hearing.  Further, our review of the record does not disclose any circumstances from which it can be inferred that the court was aware of its discretion to determine the character of the grand theft offense or that it exercised this discretion.  Thus, in accord with *Manzy W.*, we find the court erred by its failure to comply with section 702 and will remand the matter to the juvenile court so that it may do so.

## DISPOSITION

The matter is remanded to the juvenile court so that, in accord with Welfare and Institutions Code section 702, it may declare the character of appellant's grand theft offense.  In all other respects, the judgment is affirmed.