Filed 3/19/15  In re G.A. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re G.A., a Person Coming Under the Juvenile Court Law. | H041172 (Santa Clara County Super. Ct. No. 312-JV39682 C&D) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>G.A.,<br><br>        Defendant and Appellant. | |

G.A. appeals from a dispositional order continuing him as a ward after he admitted a burglary count and the court found true a methamphetamine possession count.  His sole contention on appeal is that a remand is required because the juvenile court failed to exercise its discretion to declare the burglary count to be either a felony or a misdemeanor.  We conclude that, because the record contains the court's express oral statement that it was aware of its discretion, the court's written declaration in the dispositional order that the burglary count was a felony was sufficient to obviate a remand for an oral declaration to the same effect.

## I.  Background

G.A. was declared a ward and placed on probation in January 2013 after he admitted that he had committed felony battery with serious bodily injury (Pen. Code, §§ 242, 243, subd. (d)).  In October 2013, G.A. admitted that he had violated his probation and was continued on probation.

In January 2014, a petition was filed alleging that G.A. had possessed methamphetamine (former Health & Saf. Code, § 11377, subd. (a)).  In February 2014, a petition was filed alleging that G.A. had committed second degree burglary (Pen. Code, §§ 459, 460, subd. (b)).  On April 10, 2014, a contested jurisdictional hearing was held on the methamphetamine allegation, and the court found it true.  The court also explicitly found the methamphetamine count to be a felony.  "The court is mindful of its discretion to consider whether or not this should be sustained as a misdemeanor or whether or not it's a wobbler.  Having exercised that discretion, the court will sustain the charge as a felony."

G.A. admitted the burglary allegation at the April 10, 2014 hearing and submitted a waiver form.  The court accepted G.A.'s admission of the burglary count, and G.A.'s trial counsel said:  "I would like to be heard as to whether the court is going to be sustaining as a felony or misdemeanor when the time comes."  The court responded:  "It is charged as a felony.  It could also be sustained as a misdemeanor.  [G.A.'s trial counsel] has indicated he wishes to address the court on that issue, and I'll give him the opportunity at this time."  G.A.'s trial counsel argued that the court "should sustain this petition as a misdemeanor" based on the circumstances of the offense.  The prosecutor argued that there were facts supporting treating the burglary offense as a felony.

The court did not make an express declaration at the jurisdictional hearing but instead deferred the issue to be resolved at disposition.  It declared:  "The court will take the point under submission and make formal findings on whether the count will be sustained as a felony or misdemeanor *at the time of disposition* which is the court's

2

prerogative to defer.  In the alternative, [G.A.], the court would also consider if I decide to sustain it as a felony, it could also indicate to you that [if] you are successful in fulfilling the terms and conditions of this next probation grant and case plan that I will make a notation that you can exercise your right to request a reduction pursuant to section 17 at the end of your probation term should you be successful.  So you have the option there and the court will consider it both at the appropriate time.  For the time being, the matter will then be continued then for a disposition recommendation."  (Italics added.)

The waiver form, which the court signed on the same day as the jurisdictional hearing, contained checkboxes for the court to declare the burglary offense to be a felony or a misdemeanor, but the juvenile court did not utilize those checkboxes.  Instead, next to these checkboxes on the waiver form, it wrote "TBD @ dispo."  The jurisdictional order from the April 10, 2014 hearing, which was signed by the juvenile court on that same day listed the admitted burglary count next to a checkbox that was checked for "Felony" and below which the court had checked a checkbox that read:  "The court has considered whether the above offense(s) should be felonies or misdemeanors."  Since, at the jurisdictional hearing, the court expressly deferred a decision on the misdemeanor or felony status of the burglary count, these notations at the time of the jurisdictional hearing clearly did not amount to an express declaration that the burglary count was a felony.

The dispositional hearing was held on May 29, 2014.  G.A. was continued as a ward on probation.  The court did not *orally declare* the burglary offense to be a felony or a misdemeanor at the dispositional hearing.  However, the dispositional order from the May 2014 hearing, which was signed by the judge on the same date as the dispositional hearing, identified the burglary count as a felony beneath a checked checkbox that read: "The court previously sustained the following counts.  Any charges which may be considered a misdemeanor or a felony for which the court has not previously specified the level of offense are now determined to be as follows."

3

## II. Analysis

Second degree burglary may be punished as either a felony or a misdemeanor. (Pen. Code, §§ 461, subd. (b), 1170, subd. (h).) "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court *shall declare* the offense to be a misdemeanor or felony." (Welf. & Inst. Code, § 702, italics added.)

G.A. argues that "[b]ecause the juvenile court failed to make an explicit on-the-record declaration as to the classification of minor's offense—as it had promised to do so [*sic*]—this matter should be remanded to the juvenile court for this required declaration." He contends that an "oral determination" was required and that the language of the dispositional order is inadequate to assure us that the juvenile court exercised its discretion as to the burglary count because the court also listed the methamphetamine count that it had already declared to be a felony at the jurisdictional hearing. The Attorney General proffers a concession that a remand is required.

In *In re Manzy W.* (1997) 14 Cal.4th 1199 (*Manzy*), the California Supreme Court held that a remand was required where the juvenile court had failed to make an express declaration as to whether the offense was a felony or a misdemeanor. In *Manzy*, the offense had been alleged as a felony, and Manzy had admitted the allegation. (*Manzy*, at p. 1202.) The juvenile court had committed Manzy to the California Youth Authority and set his maximum term of physical confinement at three years, a felony-level term. (*Manzy*, at p. 1203.) Nevertheless, the California Supreme Court held that Welfare and Institutions Code section 702's requirement of an express declaration required a remand. The court noted that a mere reference to the offense as a felony in the minutes of the dispositional hearing would not obviate the need for an express declaration by the court. (*Manzy*, at pp. 1207-1208.)

The California Supreme Court pointed out in *Manzy* that a remand was not "'automatic'" whenever the juvenile court failed to make an express declaration.

(*Manzy*, *supra*, 14 Cal.4th at p. 1209.) "[T]he record in a given case may show that the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler. In such case, when remand would be merely redundant, failure to comply with the statute would amount to harmless error. We reiterate, however, that setting of a felony-length maximum term period of confinement, by itself, does not eliminate the need for remand when the statute has been violated. The key issue is whether the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense as a misdemeanor and to state a misdemeanor-length confinement limit." (*Ibid*.)

The question in this case is whether the record shows that the juvenile court "was aware of, and exercised its discretion to determine the felony or misdemeanor nature" of the burglary count. (*Manzy*, *supra*, 14 Cal.4th at p. 1209.) If the record shows that the court was "aware of its discretion," a remand "would be merely redundant." (*Ibid.*) Here, the juvenile court expressly declared on the record at the jurisdictional hearing that it was well aware of its discretion to treat the burglary offense as a misdemeanor, entertained argument on the issue, and explicitly deferred its decision on this contested point until disposition. While the juvenile court did not *orally declare* the burglary offense to be a felony or a misdemeanor *during the dispositional hearing*, its *dispositional order expressly declared* the burglary offense to be a felony.

We do not agree with G.A. that the court's inclusion of the methamphetamine count under the same preprinted language on the dispositional order detracted from the juvenile court's express declaration as to the burglary count. Although the dispositional order's preprinted language is inadequate by itself to demonstrate that the juvenile court was *aware of its discretion* to treat the burglary count as a misdemeanor, that was not necessary in this case because the court had already expressly acknowledged its discretion on the record at the jurisdictional hearing, entertained argument on the issue, and deferred only the decision to disposition. By explicitly making that decision in its

5

dispositional order, the juvenile court expressly and unambiguously made the decision that it had deferred. Its reiteration of its finding that the methamphetamine count was a felony did not indicate otherwise. Hence, a remand is not required.

### III. Disposition

The order is affirmed.

                                      _____

Mihara, J.

WE CONCUR:

_____

Bamattre-Manoukian, Acting P. J.

_____

Márquez, J.