Filed 4/28/15  In re P.D. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re P.D., a Person Coming Under the Juvenile Court Law. | H041371 (Santa Clara County Super. Ct. No. 3-13 JV40242A) |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>P.D.,<br><br>Defendant and Appellant. | |

**INTRODUCTION**

Appellant P.D. appeals from a dispositional order placing him on probation with various terms and conditions, following a finding that he possessed a knife and a razor blade on school grounds (Pen. Code, § 626.10, subd. (a); counts 1 & 3).  On appeal, appellant argues and the Attorney General concedes that the juvenile court failed to make express findings as to whether his offenses were felonies or misdemeanors, as required by Welfare and Institutions Code section 702.  Because we conclude that the juvenile court did not make an express declaration, we will reverse and remand the dispositional order with direction.

## BACKGROUND

On August 15, 2013, the district attorney filed a juvenile wardship petition under Welfare and Institutions Code section 602, subdivision (a), alleging felony possession of a knife on school grounds (Pen. Code, § 626.10, subd. (a); count 1), misdemeanor exhibiting a knife (Pen. Code, § 417, subd. (a)(1); count 2), felony possession of a razor blade on school grounds (Pen. Code, § 626.10, subd. (a); count 3), and misdemeanor exhibiting a razor blade (Pen. Code, § 417, subd. (a)(1); count 4).

At a hearing on January 21, 2014, appellant was found incompetent to stand trial, and the court ordered restoration services. On June 5, 2014, after the juvenile court determined that his competency was restored, appellant admitted counts 1 and 3. Counts 2 and 4 were dismissed. At the hearing, before appellant admitted to counts 1 and 3, the juvenile court orally stated that the two offenses were felonies. Additionally, the minute order for the hearing on June 5, 2014, notes that appellant admitted two violations of Penal Code section 626.10 (counts 1 & 3), and the box labeled "Felony" next to each count is checked-marked.

On July 14, 2014, the juvenile court declared appellant to be a ward of the court and placed him on probation with various conditions, including electronic monitoring. The court's dispositional order included a notation stating that appellant's offenses were felonies.

## DISCUSSION

Appellant contends that the juvenile court failed to make an express finding, pursuant to Welfare and Institutions Code section 702, as to whether his offenses were felonies or misdemeanors. He argues that the matter should be remanded for an express finding. The Attorney General concedes that the juvenile court did not make an express determination and that the matter should be remanded.

Welfare and Institutions Code section 702 provides, in pertinent part: "If the minor is found to have committed an offense which would in the case of an adult be

2

punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." The statute "is unambiguous. It requires an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an adult." (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204 (*Manzy W.*).) The required declaration as to whether an offense is a misdemeanor or felony may be made at the jurisdictional hearing or the dispositional hearing. (Cal. Rules of Court, rules 5.780(e)(5), 5.790(a)(1), 5.795(a).)[1] "If any offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and *expressly declare on the record that it has made such consideration,* and *must state its determination* as to whether the offense is a misdemeanor or a felony." (Rule 5.780(e)(5), italics added; see also rules 5.790(a)(1), 5.795(a).) The juvenile court's determination must also be noted in an order or in the minutes from the hearing. (Rules 5.780(e), 5.795(a).)

The requirement that the juvenile court make an express determination "serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its discretion under Welfare and Institutions Code section 702. For this reason, it cannot be deemed merely 'directory.' " (*Manzy W.*, *supra*, 14 Cal.4th at p. 1207.) "The key issue is whether the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense as a misdemeanor and to state a misdemeanor-length confinement limit." (*Id.* at p. 1209.)

A juvenile court's failure to make the necessary declaration "requires remand . . . for strict compliance with Welfare and Institutions Code section 702." (*Manzy W., supra,* 14 Cal.4th at p. 1204.) On remand, the maximum period of physical confinement may need to be recalculated based on the juvenile court's express declaration. (See *id.* at p. 1211.)

---

[1] All further rules references are to the California Rules of Court, unless otherwise stated.

Both of appellant's offenses for possessing a knife and a razor blade on school grounds could have been punishable as either felonies or misdemeanors. (See Pen. Code, § 626.10, subd. (a); see also *In re William V.* (2003) 111 Cal.App.4th 1464, 1468, fn. 2.) The juvenile wardship petition and the minute orders from the June 5, 2014 hearing and dispositional hearing state that counts 1 and 3 are felonies. Additionally, the juvenile court orally pronounced that counts 1 and 3 were felonies before appellant admitted these offenses. Despite this record, there is nothing to demonstrate that the court was aware of and exercised its discretion to treat appellant's offenses as felonies or misdemeanors. Therefore, remand is appropriate to allow the court to make an express declaration as to whether these offenses are felonies or misdemeanors. (See *Manzy W.*, *supra*, 14 Cal.4th at p. 1209.) In the event that the court elects to treat the offenses as misdemeanors, it shall recalculate the maximum time of confinement accordingly.

## DISPOSITION

The dispositional order is reversed. The matter is remanded to the juvenile court with directions to make an express declaration, pursuant to Welfare and Institutions Code section 702, as to whether counts 1 and 3 are felonies or misdemeanors.

_____

RUSHING, P.J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.

5