Filed 3/16/23  In re D.C. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re D.C., a Person Coming Under the Juvenile Court Law. | C096295 |
| THE PEOPLE, | (Super. Ct. No. JV141360) |
| Plaintiff and Respondent, | |
| v. | |
| D.C., | |
| Defendant and Appellant. | |

In July 2021, the minor D.C. and others kicked and punched a boy at a local fair. The juvenile court found true that the minor had assaulted the boy.  The minor's sole contention on appeal is that the matter must be remanded because the juvenile court erroneously failed to state on the record whether the assault was a felony or

1

misdemeanor, as required by Welfare and Institutions Code section 702.  The Attorney General concedes the error and agrees that remand is required.  We agree with the parties, and shall remand with directions.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2021, a petition under Welfare and Institutions Code section 602 was filed alleging the minor committed second degree felony robbery (Pen. Code, § 211; count one)[1] and assault likely to produce great bodily injury (§ 245, subd. (a)(4); count two).  It was further alleged that the minor personally inflicted great bodily injury on the victim. (§ 12022.7.)

After holding a contested hearing in April 2022, the juvenile court dismissed count one, sustained count two, and found the section 12022.7 enhancement not true.  The court did not indicate whether it found the assault charge to be a felony or a misdemeanor.

At the May 2022 disposition hearing, the juvenile court adjudged the minor a ward of the court and granted him probation.  During the hearing, the court stated it had received the probation report and was imposing the recommended terms.  The probation officer's report twice referred to the assault charge as a felony, but the court did not classify the offense.

## DISCUSSION

Citing *In re Manzy W.* (1997) 14 Cal.4th 1199 (*Manzy W.*), the minor argues the juvenile court erroneously failed to declare whether the minor's assault offense was a misdemeanor or a felony.  The Attorney General concedes the error, and we agree.

The assault offense is a "wobbler"; it can be either a misdemeanor or a felony. (§ 245, subd. (a)(4) [wobbler offense punishable by imprisonment or county jail].) When, as here, "the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall

---

[1] Undesignated statutory references are to the Penal Code.

declare the offense to be a misdemeanor or felony." (Welf. & Inst. Code, § 702.)  This "unambiguous" language creates an "obligatory" requirement that "mandates the juvenile court to declare the offense a felony or misdemeanor." (*Manzy W., supra*, 14 Cal.4th at p. 1204.)

This requirement serves two purposes.  First, it provides "a record from which the maximum term of physical confinement for an offense can be determined, particularly in the event of future adjudications." (*Manzy W., supra*, 14 Cal.4th at p. 1205.)  Second, it "serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its [statutory] discretion." (*Id.* at p. 1207.)  The juvenile court may make the declaration at the contested jurisdictional hearing or at the dispositional hearing.  (Cal. Rules of Court, rules 5.780(e)(5), 5.790(a)(1), 5.795(a).)

Where there is nothing in the record indicating the juvenile court considered whether to deem the wobbler offense a felony or a misdemeanor, we will not presume the court properly exercised its discretion under Welfare and Institutions Code section 702. (*Manzy W., supra*, 14 Cal.4th at p. 1209.)  "[N]either the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony." (*Id.* at p. 1208.)

Here, the juvenile court neither stated whether the offense was a misdemeanor or a felony, nor "refer[red] to its discretion to declare the offense a misdemeanor during the proceedings." (*Manzy W., supra*, 14 Cal.4th at p. 1210.)  And neither probation nor any counsel pointed out at any point that the court had such discretion.  (*Ibid.*)  Under the circumstances, there is no indication in the record that the juvenile court considered deeming the offense a misdemeanor or that the court was even aware that it had the discretion to do so.  We must remand the case to the juvenile court with directions to exercise its discretion to classify the assault offense.  (*Id.* at pp. 1210-1211.)

## DISPOSITION

The matter is remanded to the juvenile court with directions to declare whether count two of the petition is a felony or a misdemeanor, in accordance with Welfare and Institutions Code section 702.


                                        /s/
                                        Duarte, J.


We concur:


      /s/
Robie, Acting P. J.


      /s/
Earl, J.


4