Filed 11/13/23  In re J.J. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.J., a Person Coming Under the Juvenile Court Law. | C098529 |
| THE PEOPLE, | (Super. Ct. No. JV142066) |
| Plaintiff and Respondent, | |
| v. | |
| J.J., | |
| Defendant and Appellant. | |

J.J. (minor) appeals from the disposition order entered by the juvenile court after it sustained one count of robbery and one count of assault by means of force likely to produce great bodily injury.  Minor's sole argument is that the juvenile court erred in failing to declare whether her assault offense was a misdemeanor or a felony, as it was required to under section 702 of the Welfare and Institutions Code.  We agree with minor and the People that this was error.

1

A wardship petition was filed against minor alleging she committed robbery and assault. At a contested jurisdiction hearing in February 2023, the juvenile court sustained both counts. During the March 2023 disposition hearing, the court adjudged minor to be a ward of the court and placed her on probation. At no point did the court declare whether the assault count was a misdemeanor or felony.

A violation of Penal Code section 245, subdivision (a) may be punished as a felony or a misdemeanor. (Pen. Code, § 245, subd. (a)(4).) Welfare and Institutions Code section 702 provides that if a "minor is found to have committed an offense [that] would in the case of an adult be punished alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." The requirement imposed by Welfare and Institutions Code section 702 is " 'obligatory' rather than 'merely "directory," ' " and "requires an explicit declaration" that must be made at or before disposition. (*In re G.C.* (2020) 8 Cal.5th 1119, 1125.) " '[N]either the pleading, the minute order, nor the setting of a felony-level period of . . . confinement may substitute' for the required declaration." (*In re F.M.* (2023) 14 Cal.5th 701, 712, quoting *In re Manzy W.* (1997) 14 Cal.4th 1199, 1208.) As such, the juvenile court's failure to declare whether the assault count was a misdemeanor or felony was error.

Remand for compliance with Welfare and Institutions Code section 702 is required "unless the record as a whole establishes that the juvenile court 'was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler.' " (*In re F.M.*, *supra*, 14 Cal.5th at p. 712 [reaffirming *In re Manzy W.*].) Both parties argue that remand is required here, and based on our review of the record, we agree.

# DISPOSITION

The matter is remanded to the juvenile court for it to declare minor's offense to be a felony or misdemeanor. If upon remand the court declares the offense a misdemeanor, then the court shall recalculate the maximum term of confinement under Welfare and Institutions Code section 726, subdivision (d).


/s/
ROBIE, Acting P. J.


We concur:


/s/
MAURO, J.


/s/
KRAUSE, J.


3