Filed 12/12/13  In re Vincent L. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re VINCENT L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F066536 |
| Plaintiff and Respondent, | (Super. Ct. No. JJD065384) |
| v. | |
| VINCENT L., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Leanne Le Mon and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J. and Peña, J.

On appeal, Vincent L., a minor, contends (1) the juvenile court erred in calculating the term of confinement on his pending petitions and (2) the juvenile court failed to declare two offenses as either felonies or misdemeanors. We will remand to the juvenile court to consider and declare whether two of Vincent L.'s offenses were misdemeanors or felonies, and to modify the term of confinement. In all other respects, we will affirm the juvenile court's orders.

## DISCUSSION

Several juvenile wardship petitions (Welf. & Inst. Code, § 602), alleging defendant had committed various offenses, were before the juvenile court. The facts of the offenses are not relevant to these issues here.

## I.     Term of Confinement

The People concede the juvenile court erred in calculating Vincent L.'s maximum period of confinement for the latest offenses as one year eight months, rather than one year. (Welf. & Inst. Code, § 726, subd. (d); Pen. Code, § 1170.1.) Accordingly, the People agree the total term of confinement on all the petitions should be 10 years four months, rather than 11 years. We accept the concession and will order the term corrected.

## II.     Declaration of Misdemeanors and Felonies

Welfare and Institutions Code section 702 provides that in a juvenile proceeding, "'[i]f the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony.'" This language is "unambiguous" and its "requirement is obligatory .…" (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1203-1204 (*Manzy W.*).) The statute "requires an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an adult. [Citations.]" (*Id*. at p. 1204.)

2.

The required declaration as to misdemeanor or felony may be made at the contested jurisdictional hearing or at the dispositional hearing. (Cal. Rules of Court, rules 5.780(e)(5), 5.790(a)(1), 5.795(a).)[1] "If any offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and *expressly declare on the record that it has made such consideration,* and *must state its determination* as to whether the offense is a misdemeanor or a felony." (Rule 5.780(e)(5), italics added; see also rules 5.790(a)(1), 5.795(a).) The juvenile court's determination must also be noted in an order or in the minutes from the hearing. (Rules 5.780(e), 5.795(a).)

Having reviewed the record, we conclude the matter should be remanded for the juvenile court to expressly determine whether two of the offenses were misdemeanors or felonies.

## DISPOSITION

The juvenile court's dispositional order is vacated, and the matter is remanded to the juvenile court to exercise its discretion and expressly determine whether the receiving stolen property offense (Pen. Code, § 496d, subd. (a); Sept. 14, 2012 petition) and the attempted second degree burglary offense (Pen. Code, §§ 459, 664; Nov. 19, 2012 petition) were misdemeanors or felonies. The juvenile court is also directed to correct the maximum term of confinement to 10 years four months, unless declaration of the two aforementioned offenses requires the court to recalculate the term. In all other respects, the juvenile court's orders are affirmed.

---

[1] All rule references are to the California Rules of Court unless otherwise noted.