Filed 12/19/13  In re K.G. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re K.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> K.G., <br><br>     Defendant and Appellant. | A138890 <br><br> (San Francisco County Super. Ct. No. JW136081) |

Appellant K.G. admitted that he carried a concealed weapon, in violation of Penal Code section 25400, subdivision (a)(2).[1]  He appeals a subsequent dispositional order in which the juvenile court declared him to be a ward of the court and placed him on probation.  At no time below did the juvenile court explicitly determine and state whether the offense would have been punishable as a felony or, alternatively, a misdemeanor if it had been committed by an adult.  We agree with K.G. and the Attorney General that the matter must be remanded for such a determination and statement.  (Welf. Inst. Code, § 702.)

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

# I.
## FACTUAL AND PROCEDURAL
## BACKGROUND

On March 3, 2013, 17-year-old K.G. was searched by San Francisco police and found to be carrying a concealed, loaded Berretta .22 caliber handgun. A two-count petition was filed (Welf. & Inst. Code, § 602), which was amended within a few weeks. The amended petition alleged that K.G. violated section 25400, subdivision (a)(2), which provides that a person is guilty of carrying a concealed firearm if the offender "[c]arries concealed upon the person any pistol, revolver, or other firearm capable of being concealed upon the person." The offense can be punishable either as a misdemeanor or a felony (a "wobbler"), but the petition identified the count as a felony "punishable under Penal Code section 25400(c)(4)." This subdivision provides that carrying a concealed firearm is a felony if "the person is not in lawful possession of the firearm or the person is within a class of persons prohibited from possessing or acquiring a firearm pursuant to [various statutes]." The amended petition did not specify whether K.G. fell into either of these two categories (or track the statute's language, for that matter).

At a hearing held on the same day the amended petition was filed, K.G.'s counsel stated that K.G. would admit the concealed-weapon count. Before the juvenile court took the admission, K.G.'s counsel stated that K.G. was admitting to a violation of section 25400, subdivision (a)(2), but argued that the violation was not a felony under subdivision (c)(4) because the statutes cited in the subdivision did not apply to K.G. Without elaboration, the People contended that K.G. *was* covered by section 25400, subdivision (c)(4). The juvenile court asked, "Well, he's pleading now to a felony, correct?" Counsel for the People confirmed that he was, and the trial court responded, "All right. So, I understand the issue." The juvenile court then accepted K.G.'s admission. The court specifically asked K.G. whether he admitted that he "committed a felony, a violation of section 25400(a)(2) of the California Penal Code, in that you unlawfully carried a concealed . . . Berretta .22 handgun," and K.G. confirmed that he

2

did.[2]  The court then dismissed the remaining count in the petition on the People's motion.

A different judge presided over the subsequent contested dispositional hearing. After hearing testimony from a probation officer and K.G.'s brother about the possible need for an out-of-home placement, the juvenile court declared K.G. a ward of the court and placed him on probation in the home of the brother, with various conditions.  In doing so, the court did not specifically address whether the offense was a felony or a misdemeanor.  The form dispositional order provided an option to declare the count a misdemeanor or a felony, and the order states that it was a felony.  K.G. timely appealed from the dispositional order.

## II.
### DISCUSSION

K.G.'s sole argument on appeal is that the case must be remanded for the juvenile court to make an explicit determination under Welfare and Institutions Code section 702 (section 702) whether the offense was a misdemeanor or felony.  The Attorney General concedes that such a remand is proper.

Under section 702, "[i]f the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony."  The California Rules of Court[3] further explain the court's duty in this regard.  Rule 5.778(f)(9) provides that where the juvenile court accepts an admission to a count in a wardship petition, the court

---

[2] In reviewing the record, we discovered an unraised clerical error.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 186-188.)  The minute order entered after the hearing indicates that the minor admitted a violation of section "25400(c)(2)"—a subdivision not referenced in the amended petition.  This subdivision makes it a felony to carry a concealed weapon if the weapon was stolen and the person had reason to know this fact.  There is no indication in the record that the firearm K.G. was carrying was stolen, and K.G. did not admit that he violated this subdivision in any event.  We order that the minute order be corrected to reflect an admission to a violation of section 25400, subdivision (a)(2).  The dispositional order does not repeat the error and instead identifies the correct subdivision.

[3] All rule references are to the California Rules of Court.

3

must make a finding of whether the offense would be a misdemeanor or felony had it been committed by an adult. If the offense is a wobbler, the rule further provides that the court "must consider which description [felony or misdemeanor] applies and *expressly declare on the record that it has made such consideration* and must state its determination as to whether the offense is a misdemeanor or a felony." (Italics added; see also rule 5.780(e)(5) [identical determinations must be made if wardship petition's allegations are contested].) Rule 5.795(a) imposes these same requirements if the consideration and determination are deferred until the disposition hearing.

In interpreting the requirements of section 702, our Supreme Court held that its unambiguous language requires an "explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an adult." (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204.) This declaration is particularly important when the juvenile court imposes probation, as it did here, to ensure that there is a clear record for determining the maximum term of confinement in any subsequent adjudications. (*Id.* at pp. 1206-1207.) It is not enough to show that the wardship petition described the offense as a felony and the minor admitted the truth of the charge. (*Id.* at p. 1207.) Likewise, the minute order may not substitute for the juvenile court's declaration as to whether the offense is a misdemeanor or felony. (*Id.* at p. 1208.) Where the juvenile court fails to make the required declaration, a reviewing court must remand the matter for compliance with the statute unless "the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense as a misdemeanor and to state a misdemeanor-length confinement limit." (*Id.* at p. 1209.)

In this case there is little doubt that the parties and the juvenile court believed that K.G. was admitting to a felony. The amended petition alleged that K.G. violated section 25400, subdivision (a)(2), and it alleged that the offense was punishable under subdivision (c)(4) of the statute, "*a felony*." (Italics added.) When K.G.'s counsel raised the issue whether the offense was a felony, counsel for the People told the juvenile court that the minor was admitting to a felony. The minute order following the dispositional

4

hearing confirmed this position by stating that the court found the minor's offense to be a felony.

But other than the juvenile court's apparent assumption and conclusion that K.G. was admitting to a felony, there is nothing in the record showing that the court considered whether K.G.'s underlying admission of violating section 25400, subdivision (a)(2) was a felony or misdemeanor, and there is no express statement that such a consideration was undertaken. We are accordingly left without knowing the basis of the juvenile court's conclusion that the offense was a felony. In light of the mandatory nature of the requirement under section 702 and the applicable Rules of Court, and because we may not imply a finding absent a clear indication that the lower court exercised its discretion (*In re Manzy W.*, *supra*, 14 Cal.4th at pp. 1204, 1209), we remand this case to the juvenile court. On remand, the juvenile court shall explicitly declare K.G.'s violation of section 25400, subdivision (a)(2) to be a felony or misdemeanor, after considering the reasons that support the determination.

### III.
#### DISPOSITION

We remand the matter to the juvenile court for an express declaration under Welfare and Institutions Code section 702. We also order that the juvenile court's minute order dated March 21, 2013, be amended to reflect that the minor admitted a violation of Penal Code section 25400, subdivision (a)(2) (*ante*, fn. 2). The juvenile court's dispositional order otherwise is affirmed.

_____
Humes, J.

We concur:

_____
Reardon, Acting P.J.

_____
Rivera, J.

5