Filed 7/15/15 In re V.O. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re V.O., a Person Coming Under the Juvenile Court Law. | H041109 (Santa Clara County Super. Ct. No. 3-12-JV39271A) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>V.O.,<br><br>    Defendant and Appellant. | |

V.O. (minor) appeals from a dispositional order committing her to the county Juvenile Rehabilitation Facilities, Enhanced Ranch Program for six to eight months. She argues that the juvenile court failed to make an express finding as to whether her offense of theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)) was a felony or a misdemeanor as required under Welfare and Institutions Code section 702. The Attorney General concedes. We accept the concession and reverse and remand the dispositional order.

**FACTUAL AND PROCEDURAL BACKGROUND**

*The "A" Petition*

On June 6, 2012, a petition was filed against minor alleging theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)), vandalism of $400 or more (Pen. Code, § 594, subds. (a), (b)(1)), and hit and run driving causing property damage (Veh. Code, §

20002, subd. (a)). A violation of Vehicle Code section 10851, subdivision (a) can either be a misdemeanor or a felony. However, the petition alleged it as a felony.

Pursuant to a negotiated disposition, minor admitted all of the allegations. During the jurisdictional hearing, the court stated that the violation of Vehicle Code section 10851, subdivision (a) was being sustained as a felony. However, it did not indicate it was exercising its discretion to determine whether the offense was a felony or a misdemeanor. Minor was declared a ward of the court and placed on probation.

In the minute order entered after the jurisdictional hearing, the court listed the violation of Vehicle Code section 10851, subdivision (a) under the section stating that "[t]he following allegations are admitted and found to be true," and checked the box indicating the allegation was a felony. On the same page of the minute order, the court *did not* check the box indicating that it had "considered whether the above offense(s) should be felonies or misdemeanors."

On the preprinted plea form, there is a section with the heading, "the court finds." Included in this section is a statement reading, "For setting max time: The felonies to the left would have been **wobblers** if filed against the minor in adult court. The Court is aware of, and actually exercises it's [*sic*] wobbler discretion in this case. A check in box F is a finding of a felony. A check in box M is a finding of a misdemeanor. W&I 702." The court did not check either of these boxes.

*The "E" Petition*

On February 25, 2014, another petition was filed against minor, alleging grand theft (Pen. Code, §§ 484, 487, subd. (c)) and resisting arrest (*id*., § 148, subd. (a)(1)). Following a jurisdictional hearing, the allegations were sustained and minor was declared a ward of the court. The juvenile court placed her in a six to eight month ranch commitment. Minor appealed.

2

## DISCUSSION

Minor did not appeal from the dispositional order entered after the court sustained the "A" petition. However, she appealed from the later dispositional order entered after the "E" petition was sustained. Minor argues, and the Attorney General concedes, that the court's failure to indicate whether the violation of Vehicle Code section 10851, subdivision (a) sustained from her "A" petition was a felony or a misdemeanor is tantamount to an unauthorized sentence so it can be raised at any time. (*In re Ramon M.* (2009) 178 Cal.App.4th 665, 675.) We agree.

We also accept the Attorney General's concession that remand is required. Welfare and Institutions Code section 702 provides that in a juvenile proceeding, if a minor "is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." The importance of an explicit declaration under Welfare and Institutions Code section 702 was explained in our Supreme Court's decision in *In re Manzy W.* (1997) 14 Cal.4th 1199 (*Manzy W.*). Requiring a court to affirmatively declare whether an offense is a misdemeanor or a felony "facilitat[es] the determination of the limits on any present or future commitment to physical confinement for a so-called 'wobbler' offense," (*id.* at p. 1206) and also "serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its discretion under Welfare and Institutions Code section 702." (*Id.* at p. 1207.) The required declaration can be made at the contested jurisdictional hearing or at the dispositional hearing. (Cal. Rules of Court, rules 5.780(e)(5), 5.790(a)(1), 5.795(a).)

Here, there is nothing in the record to indicate the juvenile court "was aware of, and exercised its discretion to determine the felony or misdemeanor nature" of the Vehicle Code section 10851, subdivision (a) violation. (*Manzy W.*, *supra*, 14 Cal.4th at p. 1209.) Therefore, remand is required.

3

**DISPOSITION**

The juvenile court's dispositional order is reversed and the matter is remanded with directions for the court to state on the record its intent to treat the violation of Vehicle Code section 10851, subdivision (a) as a felony or a misdemeanor in compliance with Welfare and Institutions Code section 702.

_____
                         Walsh, J.[*]

WE CONCUR:

_____
        Rushing, P. J.

_____
        Elia, J.

H041109

_____

[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.