Filed 8/27/15  In re M.C. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| In re M.C., A Person Coming Under the Juvenile Court Law. | B259769 |
| _____ | (Los Angeles County Super. Ct. No. YJ36992) |
| THE PEOPLE, | |
| Plaintiff and Respondent, | |
| v. | |
| M.C., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Catherine J. Pratt and Wayne C. Denton, Temporary Judges.\* Affirmed in part, reversed in part, and remanded with directions.

Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant, M.C.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Michael Katz, Deputy Attorney General, for Plaintiff and Respondent.

---

\*     (Pursuant to Cal. Const., art. VI, § 21.)

Minor M.C. appeals from the juvenile court's jurisdictional and dispositional orders after it sustained a delinquency petition on four counts: (1) carrying an unregistered, loaded handgun (Pen. Code,[1] § 25850), a felony; (2) possession of a firearm by a minor (§ 29610), a felony; (3) possession of live ammunition by a minor (§ 29650), a misdemeanor; and (4) resisting or delaying a peace officer (§ 148, subd. (a)(1)), a misdemeanor. He contends—and the People concede—that the juvenile court did not make express findings whether to treat counts one and two as felonies or misdemeanors. We agree and remand for the juvenile court to make the necessary determinations.

M.C. also contends that there was insufficient evidence to support the determination that he possessed live ammunition. We agree and reverse the court's orders as to count three.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Underlying Facts*

At 10:15 p.m. on September 25, 2014, Los Angeles Police Department Officer Mario Fernandez noticed 15 African-American boys drinking alcoholic beverages in public. After Officer Fernandez got out of his car to investigate, M.C. "looked in [his] direction, became nervous, and immediately walked away." Officer Fernandez testified that after M.C. ran away, he and his partner followed him.

While he ran, M.C. removed a firearm from his right, front pocket, threw it against a wall, and then jumped over the wall. Without stopping to retrieve the weapon, both officers followed M.C. over the wall and eventually found him hiding in a shed. The officers later recovered a .40-caliber Bryco firearm loaded with six rounds of ammunition. Officer Fernandez testified that M.C.'s flight delayed his investigation into possible underage drinking because while he was chasing M.C., the other boys slipped away.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2.      *Procedural History*

On September 29, 2014, a petition was filed under Welfare and Institutions Code section 602 charging M.C. with:  (1) carrying an unregistered, loaded handgun (§ 25850, subd. (a)); (2) possession of a firearm by a minor (§ 29610); (3) possession of live ammunition by a minor (§ 29650); and (4) resisting or delaying a peace officer (§ 148, subd. (a)(1)).  Although violations of sections 25850 and 29610 can be charged as misdemeanors or felonies, the petition alleged these counts as felonies.  M.C. denied the allegations and the matter was set for a jurisdictional hearing.

At the conclusion of the jurisdictional hearing held on October 20, 2014, the court sustained the allegations in the petition and declared M.C. to be a person described by Welfare and Institutions Code section 602.  At the October 22, 2014 dispositional hearing, the court sentenced M.C. to a mid-term (six month) camp placement with a maximum confinement period of three years.  The juvenile court did not, at either hearing, expressly state it was exercising its discretion to designate the offenses in counts one and two misdemeanors or felonies.

On March 6, 2015, M.C.'s appointed appellate counsel filed a brief in which he raised no issues and asked us to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436.)  On April 2, 2015, we ordered the parties to address whether we should remand counts one and two for the juvenile court to expressly declare on the record whether those offenses are misdemeanors or felonies, and whether there was substantial evidence to support the court's finding that the minor possessed live ammunition as alleged in count three.  The People concede that the case should be remanded as to counts one and two.  However, the People contend there was sufficient evidence that M.C. possessed live ammunition, as alleged in count three.

## DISCUSSION

1.    *The Juvenile Court Did Not Expressly Declare Whether Counts One and Two Were Misdemeanors or Felonies*

Welfare and Institutions Code section 702 provides in relevant part: "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." The statutory language is mandatory, not discretionary. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204.) The mere specification in the petition that an offense is a felony is insufficient to show that the juvenile court exercised the required discretion. (*In re M.G.* (2014) 228 Cal.App.4th 1268, 1277.)

Violation of section 25850, subdivision (c)(6)[2] (count one) is a wobbler punishable by imprisonment under section 1170, subdivision (h), or in county jail. (*In re D.D.* (2015) 234 Cal.App.4th 824, 829.) Likewise, violation of section 29610 (count two) is a wobbler punishable by imprisonment under section 1170, subdivision (h), or in county jail. (*In re M.G.*, *supra*, 228 Cal.App.4th at p. 1277.) Here, after finding the allegations in the petition true, the juvenile court stated, "Count 1 and 2 are felonies. Count 3 and 4 are misdemeanors." However, because counts one and two are wobblers, the juvenile court was required to determine, in its discretion, whether each offense should be punished as a misdemeanor or felony. (Welf. & Inst. Code, § 702.) As the People concede, in failing to do so, it erred.

2.    *There Was Insufficient Evidence that the Ammunition Was "Live"*

In determining whether sufficient evidence supports a juvenile adjudication, we apply the same standard of review we use in criminal cases. (*In re Arcenio V.* (2006)

---

[2]    Although the People charged count one under section 25850, subdivision (a), it is undisputed that they later proceeded under the theory that M.C. violated subdivision (c)(6). Indeed, they presented evidence that M.C. violated subdivision (c)(6)—not subdivision (a)—and the juvenile court found those facts to be true. Accordingly, our order of April 2, 2015 asked the parties for additional briefing addressing section 25850, subdivision (c)(6).

141 Cal.App.4th 613, 615 (*Arcenio V.*).) "To assess the evidence's sufficiency, we review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime . . . beyond a reasonable doubt." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) To answer this question, we " 'view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " (*People v. Johnson* (1980) 26 Cal.3d 557, 576.) We are mindful, however, that " 'the inference or inferences indulged in must be reasonable, must be based on the evidence, and cannot be the result of mere guess, surmise or conjecture' [citations], or 'be based on imagination, speculation or supposition.' " (*Marshall v. Parkes* (1960) 181 Cal.App.2d 650, 655.)

Section 29650 prohibits a minor from possessing live ammunition. To establish a violation of this statute, the prosecution must prove beyond a reasonable doubt that that the ammunition possessed by a defendant is "live." "Live ammunition" is any material, such as projectiles, shells, or bullets, presently capable of being fired or detonated from a firearm. (*In re Khamphouy S.* (1993) 12 Cal.App.4th 1130, 1134 (*Khamphouy S.*).)

Here, the People contend the evidence is sufficient to support the finding in count three because "the fully loaded gun was in [M.C.]'s pocket, which strongly suggested that he possessed it in order to fire it." Alternatively, the People contend that *Arcenio V.* was wrongly decided. We disagree with both contentions.

A finding that a minor possessed live ammunition may be sufficiently supported by opinion testimony, such as an arresting officer's belief – based on the officer's training, background, and experience – that the shell in a juvenile's shotgun was live. (*In re Brandon G.* (2008) 160 Cal.App.4th 1076, 1078–1079.) Similarly, the evidence may be sufficient where the trial judge personally inspects the ammunition and satisfies himself that the ammunition is live. (*Khamphouy S.*, *supra*, 12 Cal.App.4th at p. 1135.) Here, the testifying officer did not opine on whether the ammunition was live. Nor did

5

the trial judge inspect the ammunition.  Indeed, the prosecution did not present the evidence—in physical or photographic form—in court at all.

Nor does the circumstantial evidence in this case support an inference of live ammunition.  In *Khamphouy S.*, the officers' extreme caution with the bullets supported an inference that the ammunition was dangerous, and therefore "live."  (*Khamphouy S.*, *supra*, 12 Cal.App.4th at p. 1135.)  The evidence in this case, however, does not support such an inference.  Here, Officer Fernandez testified that as M.C. fled, he pulled the gun from his shorts, threw it against the wall directly in front of him, then jumped over the wall.  Neither Officer Fernandez nor his partner stopped to secure the gun.  Instead, they left it on the street while they chased M.C.  Backup officers soon arrived and established a perimeter, but they too left the gun unattended.  Even after the officers had M.C. in custody, Officer Fernandez testified he removed the magazine from the firearm but did not explain what, if anything, was done to secure it.  As in *Arcenio V.*, the record before us contains no evidence from which we could reasonably infer that the officers removed the ammunition for safety reasons, rather than for booking purposes.  (*Arcenio V.*, *supra*, 141 Cal.App.4th at p. 617.)

## *DISPOSITION*

The matter is remanded for an express declaration whether counts one and two are felonies or misdemeanors. The orders as to count three are reversed. In all other respects, we affirm.

*NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

LAVIN, J.

WE CONCUR:

EDMON, P. J.

ALDRICH, J.

7