Filed 8/12/16  In re Sammy A. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re SAMMY A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D069003 |
| Plaintiff and Respondent, | (Super. Ct. No. J232464) |
| v. | |
| SAMMY A., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Aaron H. Katz, Judge.  Affirmed and remanded with directions.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel, Theodore M. Cropley and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

Following the denial of his motion to suppress evidence, Sammy A. (the Minor) admitted carrying a loaded firearm in a vehicle in a public place (Pen. Code,[1] § 25850, subd. (a)); admitted the firearm was stolen (§ 25850, subd. (c)(2)); and possession of ammunition (§ 29650). The remaining counts in the petition were dismissed.

The Minor was committed to the Breaking Cycles program. Upon completion of the program, the Minor would be placed with his mother.

The Minor appeals contending the trial court erred in denying his motion to suppress the evidence taken from him at the time of his arrest. He contends the police lacked reasonable suspicion to stop the car in which he was riding, that the detention was unduly delayed, and that his otherwise voluntary consent to the search of his person was the product of the unlawful detention. We will find the juvenile court correctly found the stop to be lawful, the detention reasonable, and the search of the Minor's person to be lawful.

The Minor also contends the trial court erred in failing to designate the weapon charge as a misdemeanor or a felony. The People agree the court failed to make the designation and that the matter must be remanded with directions. We agree the matter must be remanded for the court to declare the offense either a misdemeanor or a felony. Accordingly, we will affirm the juvenile court's order and remand for further proceedings.

## STATEMENT OF FACTS

On August 24, 2015, San Diego Police Detective Amalia Sidhu, along with other officers, was conducting a surveillance of the funeral for a Lincoln Park street gang member who had been killed by law enforcement officers from a different jurisdiction. The

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

surveillance by Sidhu was conducted with binoculars from about one and one half blocks away.

Police had received information from a Fresno County police agency that there was an active felony murder warrant outstanding for a person named Shawn Lamont Brown. Police believed Brown would be in attendance at the Lincoln Park gang funeral. San Diego Police had obtained Brown's picture from DMV. Brown was described as wearing dreadlocks, but that he might have cut them prior to that date to disguise himself. Brown was 5'7" and weighed about 109 pounds.

During the funeral police observed a person dressed with a white "hoodie" and white pants. The person's face was mostly obscured by the hood, which the person continued to wear notwithstanding the funeral was in the middle of summer. The suspect greeted various Lincoln Park gang members and exchanged a gang handshake. The detective's opinion was that gang associates at gang funerals were often armed.

Police observed the suspect walk away from the group and ultimately he and two other males, including the Minor, got into the same car. Because the detective believed the suspect fit Brown's physical description, she had patrol officers conduct an investigative stop.

When police stopped the car, they discovered the suspect was not Brown. The person was identified as Frederick Jordan. Police learned Jordan did not have a driver's license. He was removed from the car. The person in the front passenger seat was identified as Dedric Jordan. During the stop, Dedric reached for a backpack on the floor, until stopped by police. Police then removed Dedric and the Minor from the car so the car could be searched for weapons. Both were patted down for weapons. Police asked the Minor for permission to

3

search him, which permission was granted. The officer discovered a loaded firearm in the Minor's pants.

DISCUSSION

I

*THE DETENTION WAS LAWFUL*

The motion to suppress the evidence in this case rises or falls based on the question of whether the initial stop was lawful. If it was lawful, police thereafter conducted themselves properly and had unquestioned consent to search the Minor's person. If the stop was unlawful, then the detention, consent and search would be the "fruit of the poisonous tree." (*Wong Sun v. United States* (1963) 371 U.S. 471.)

We begin our discussion with the acknowledgement that this is a close case. The suspect turned out not to be the person for whom police were looking to serve an arrest warrant. Surveillance of the group was somewhat difficult, and it was hard to make out the suspect's features because he continuously wore the hood over his head and did not look directly in the direction of the police. The suspect had a thin build, but ultimately turned out to be taller than Brown.

Our analysis is guided first by the trial court's findings on credibility. With those historical facts determined we believe the observations by police under the circumstances of this case gave the officers reasonable suspicion, based on articulable facts, that criminal activity may be taking place and that they acted reasonably in their investigation. (*Terry v. Ohio* (1968) 392 U.S. 1.)

4

A.  Legal Principles

When we review a trial court decision granting or denying a motion to suppress evidence on Fourth Amendment grounds we apply a two-step analysis.  First we review the trial court's findings as to the historical facts.  We apply the substantial evidence standard of review to those findings.  We do not make credibility decisions nor do we reweigh evidence.  We determine whether there is sufficient substantial evidence to support the trial court's findings.  Once we determine the historical facts, we determine the lawfulness of the search or seizure using our independent judgment.  (*People v. Leyba* (1981) 29 Cal.3d 591, 596-598; *People v. Williams* (1988) 45 Cal.3d 1268, 1301.)

In *Terry v. Ohio, supra*, 392 U.S. 1, the court considered whether police can detain a person briefly for investigation.  The court concluded such seizures are lawful where the officer has sufficient articulable facts from which an officer with the same experience would reasonably conclude that criminal activity may be "afoot."  (*Id.* at pp. 30-31.)

As our courts have pointed out, temporary detentions can be based on justification less than probable cause.  The proper standard has been commonly referred to as the reasonable suspicion standard.  (*People v. Souza* (1994) 9 Cal.4th 224, 231; *People v. Wells* (2006) 38 Cal.4th 1078, 1083.)

We examine the officer's action in light of all the circumstances and the officer's experience.  (*Terry v. Ohio, supra*, 392 U.S. at pp. 30-31; *People v. Souza, supra*, 9 Cal.4th at p. 231.)

We will next apply these principles to the facts as found by the trial court.

## B. Analysis

We note at the outset of our analysis that the juvenile court credited the police officers' testimony. The court also found their conclusions that the suspect was deliberately covering his head and face to avoid detection, to be consistent with the tip the officers had received. Police were informed of Brown's description and that he might disguise himself, or cut his hair to avoid recognition.

After four hours of surveillance the detective believed the suspect matched Brown's description, although she had been limited in her observation by the hood covering the suspect's head and obscuring his face. From the detective's vantage point the suspect was a young thin black male who appeared to be hiding his features, which was not inconsistent with the information police had received from another agency.

Essentially, the officer's observations, made over a prolonged period showed behavior consistent with the tip was a circumstance which supported the officer's reasonable suspicion that the person she observed was Brown. (*People v. Wells, supra*, 38 Cal.4th at p. 1083.)

The Minor protests that his conduct wearing a hoodie was lawful as was his attendance at the gang funeral. However accurate that may be, it does not negate reasonable suspicion. We note the observed conduct of the suspects in *Terry v. Ohio, supra*, 392 U.S. at pages 5 through 8, was also lawful. In *Terry* an officer with experience in theft cases observed Terry and two other men walk back and forth in front of a store, which was open in the middle of the afternoon. The men walked back and forth over 20 times, periodically stopping to confer. The officer concluded the men were probably planning a robbery. The officer approached the men, stopped and frisked them. The court held both the search and seizure were valid.

6

Essentially the court determined the officer's lengthy observation of conduct which, although lawful, was also consistent with his suspicions of an evolving crime. The court observed it would have been poor police work if the officer had not detained the individuals to investigate.

The court held that when the officer's observations of unusual conduct, which in the officer's experience may indicate criminal activity is afoot, the officer may act to detain a person long enough to reasonably investigate. (*Terry v. Ohio, supra,* 392 U.S. at pp. 30-31; see *Adams v. Williams* (1972) 407 U.S 143, 145-146.)

After reviewing the record, based upon the trial court's factual findings, we are satisfied that the detective had reasonable suspicion, based upon sufficient articulable facts and based on her experience, to believe the suspect she observed was the fugitive Brown. Thus, we conclude the detention of the suspect and the occupants of the car was lawful. The pat down of the Minor was lawful and the juvenile court correctly denied the motion to suppress evidence.

II

*FAILURE TO DETERMINE WHETHER THE CRIME
WAS A FELONY OR MISDEMEANOR*

The Minor contends, and the People agree, the juvenile court erred by failing to determine if the offense in this case should be a felony or a misdemeanor.

Where an offense is punishable as either a felony or a misdemeanor, Welfare and Institutions Code section 702 requires the juvenile court to declare the status of the offense. The court in *In re Manzy W*. (1997) 14 Cal.4th 1199, 1207, held that the requirements of

7

Welfare and Institutions Code section 702 are mandatory on the juvenile court.  Where the juvenile court fails to make the required declaration our obligation is to remand the case to the juvenile court with directions to comply with the statute.  We will follow that direction in this case.

## DISPOSITION

The case is remanded to the juvenile court with directions to determine if the offense in this case should be a felony or a misdemeanor.  The court shall make its determination on the record and amend the court's minutes accordingly.  In all other respects the order is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

PRAGER, J.*

---

*    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8