Greenwood, P.J., dissenting
I respectfully dissent. The majority dismisses the appeal on the ground that G.C. failed to file a timely notice of appeal from the failure to designate two offenses as misdemeanors or felonies under Welfare and Institutions Code section 702 ( Section 702 ). But G.C. filed her notice of appeal on February 1, 2016-within the 60-day filing deadline for appeals from the juvenile court's orders of December 7, 2015, December 17, 2015, December 30, 2015, and January 26, 2016. Her notice of appeal cites the last of these orders. I would conclude she timely appealed because the juvenile court had an ongoing obligation to determine whether her prior offenses were misdemeanors or felonies.
G.C.'s appeal is based on *789 In re Manzy W . (1997) 14 Cal.4th 1199, 60 Cal.Rptr.2d 889, 930 P.2d 1255 ( Manzy ), in which our Supreme Court held that the requirement under Section 702 that the juvenile court explicitly designate "wobbler" offenses as misdemeanors or felonies is mandatory. "The language of [ Section 702 ] is unambiguous. It requires an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an adult." ( Id. at p. 1204, 60 Cal.Rptr.2d 889, 930 P.2d 1255.) "The requirement is obligatory: '[S]ection 702 means what it says and mandates the juvenile court to declare the offense a felony or misdemeanor.' [Citations.]" ( Ibid. ) When challenged on appeal, a juvenile court's failure to adhere to this mandate requires "remand of this matter for strict compliance." ( Ibid. )
The Supreme Court based its decision on its recognition that Section 702 provides equal protection to youthful offenders by ensuring that a minor not be held "in physical confinement longer than an adult convicted of the same offense." ( Manzy , supra , 14 Cal.4th at p. 1205, 60 Cal.Rptr.2d 889, 930 P.2d 1255.) The court noted that a juvenile court may be required to determine the "maximum term of imprisonment when it order[s] physical confinement on multiple counts to be imposed consecutively or, in the case of repeat offenders, aggregate[s] the period of physical confinement for present and prior offenses." ( Id. at p. 1206, 60 Cal.Rptr.2d 889, 930 P.2d 1255.)
In articulating this rule, the Supreme Court was looking not only to the minor's current adjudication, but to future adjudications as well. "[ Section 702 ] serves the collateral administrative purpose of providing a record from which the maximum term of physical confinement for an offense can be determined, particularly in the event of future adjudications ." ( Manzy , supra , 14 Cal.4th at p. 1205, 60 Cal.Rptr.2d 889, 930 P.2d 1255, italics added.) "The requirement of a declaration by the juvenile court whether an offense is a felony or misdemeanor was thus directed, in large part, at facilitating the determination of the limits on any present or future commitment to physical confinement for a so-called 'wobbler' offense." ( Id. at p. 1206, 60 Cal.Rptr.2d 889, 930 P.2d 1255.) "But the purpose of the statute is not solely administrative. [...] [T]he requirement that the juvenile court declare whether a so-called 'wobbler' offense was a misdemeanor or felony also serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its discretion under [S]ection 702. For this reason, it cannot be deemed merely 'directory.' " ( Id. at p. 1207, 60 Cal.Rptr.2d 889, 930 P.2d 1255.)
When a minor is a repeat offender, the juvenile court often aggregates prior and current offenses to determine the maximum period of confinement for that youth under section 726. If the prior court errs by failing to designate a "wobbler" offense as a misdemeanor or felony under Section 702, the current juvenile court can easily incorporate that error, with the result that the minor can be confined beyond the lawful term of confinement. It follows that the juvenile court has an ongoing duty to consider, when adjudicating later petitions, whether the court in prior adjudications exercised its discretion to determine the "wobbler" offenses as misdemeanors or felonies. While G.C. did not serve a term of excess confinement, the rule set forth by the majority would preclude a court of review from correcting such an order for other youths by dismissing such appeals. I do not believe this avenue of appeal from the unlawful incarceration of juveniles should be eliminated.
Accordingly, I would conclude the juvenile court's ongoing failure to adhere to *790 Section 702 constituted an abuse of discretion and resulted in unauthorized orders with respect to the subsequent disposition of G.C.'s case. (See In re Ricky H. (1981) 30 Cal.3d 176, 191, 178 Cal.Rptr. 324, 636 P.2d 13 ; In re Ramon M. (2009) 178 Cal.App.4th 665, 675, 101 Cal.Rptr.3d 158.) I would further conclude G.C. timely appealed from the last of these orders. For these reasons, I respectfully dissent.