Filed 9/7/23  In re F.M. CA6
Opinion on remand from the Supreme Court

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re F.M., a Person Coming Under the Juvenile Court Law. | H048693 (Santa Cruz County Super. Ct. No. 19JU00191A, B, C) |
| THE PEOPLE,  Plaintiff and Respondent,  v.  F.M.,  Defendant and Appellant. | |

We decide this juvenile case regarding Welfare and Institutions Code section 702 error by applying the principles described in *In re Manzy W.* (1997) 14 Cal.4th 1199 (*Manzy W.*) following the reversal of our judgment by the California Supreme Court.

While on probation for misdemeanor assault (Pen. Code, § 242),[1] the minor, F.M., admitted allegations in two separate juvenile petitions that he committed two assaults with force likely to produce great bodily injury (§ 245, subd. (a)(4)), and recklessly evaded police (Veh. Code, § 2800.2).  He also admitted as a misdemeanor that he was an active participant in a criminal street gang (§ 186.22, subd. (a)).  The juvenile court continued F.M. as a ward of the court pursuant to Welfare and Institutions Code section 602 and found him suitable for placement at a ranch camp.

---

[1] Unspecified statutory references are to the Penal Code.

F.M. admitted three wobbler offenses, punishable either as misdemeanors or as felonies at the discretion of the court. It is undisputed that the juvenile court failed to declare whether the two assaults and the reckless evasion allegations were felonies or misdemeanors as required by Welfare and Institutions Code section 702 (section 702) and *Manzy W.* On appeal, F.M. contended that the matter must be remanded so that the juvenile court could correct this error. Citing *In re G.C.* (2020) 8 Cal.5th 1119 (*G.C.*), the Attorney General asserted that by failing to object below, F.M. forfeited his claim that the juvenile court did not comply with section 702. In the alternative, the Attorney General argued that remand was unnecessary because the record shows the juvenile court exercised its discretion and sustained the three wobbler allegations as felonies.

In a unanimous opinion, this court concluded that F.M. did not forfeit his claim of error and that although the juvenile court did not expressly designate the offenses as misdemeanors or felonies, the record demonstrates that the juvenile court was aware of and exercised its discretion to treat the sustained allegations as felonies such that its failure to comply with section 702's express declaration requirement did not require remand to the juvenile court. (*People v. F.M.* (*In re F.M.*) (July 26, 2021, H048693) [nonpub. opn.].) We affirmed the dispositional order as modified.[2]

The California Supreme Court reversed this court's decision. (*In re F.M.* (2023) 14 Cal.5th 701 (*F.M.*).) Finding that the Attorney General's reliance on *G.C.* was misplaced, the high court agreed with our holding that F.M. did not forfeit his right to challenge the juvenile court's failure to comply with section 702. However, applying

---

[2] After reviewing the briefs and record, we requested supplemental briefing on the impact of a recent amendment to Welfare and Institutions Code section 726, subdivision (d)(1), which reduced the maximum term of confinement which could be imposed on a minor. We agreed with the parties that F.M. is entitled to the ameliorative effect of the amendment to Welfare and Institutions Code section 726, subdivision (d)(1), and in our opinion modified the dispositional order to reflect the maximum term of confinement under the amended version of Welfare and Institutions Code section 726, subdivision (d)(1). The Supreme Court did not reach this issue.

2

*Manzy W.*, the Supreme Court determined that the record as a whole does not demonstrate that the juvenile court " 'was aware of, and exercised its discretion' as to wobblers." (*F.M.,* at p. 705.) The California Supreme Court remanded the matter to this court for further proceedings consistent with its opinion. (*Id.* at p. 718.)

Based on the Supreme Court's decision, we reverse the dispositional order and remand the matter to the juvenile court.

## I. PROCEDURAL BACKGROUND[3]

The juvenile court sustained an allegation in a juvenile wardship petition (Petition A) that F.M. had committed simple battery (§ 242). F.M. was placed on probation with various terms and conditions.

Some months later, the Santa Cruz County District Attorney filed an amended juvenile wardship petition (Petition B) alleging that F.M., age 17, committed felony assault with a deadly weapon, a knife (§ 245, subd. (a)(1); count 1); felony assault with force likely to produce great bodily injury (§ 245, subd. (a)(4); count 2); two felony counts of participation in a criminal street gang (§ 186.22, subd. (a); counts 3 & 4); misdemeanor brandishing of a deadly weapon (§ 417, subd. (a)(1); count 5); felony assault with a firearm (§ 245, subd. (a)(2); count 6); felony reckless evasion of a peace officer (Veh. Code, § 2800.2; count 7); and misdemeanor driving without a license (Veh. Code, § 12500, subd. (a); count 8). As to counts 1 and 2, it was further alleged that F.M. committed those offenses for the benefit of a criminal street gang pursuant to section 186.22, subdivision (b)(1)(A).

At a pretrial conference, F.M. admitted the allegations that he committed felony assault with force likely to produce great bodily injury (§ 245, subd. (a)(4); count 2); participated in a criminal street gang, amended to a misdemeanor (§ 186.22, subd. (a); count 3); and felony reckless evasion of a police officer (Veh. Code, § 2800.2; count 7).

---

[3] We do not describe the facts of the offenses as they are not relevant to the issue before us.

3

The juvenile court found F.M. had violated his probation in Petition A by operation of law.[4] The minute order from the hearing notes that "[t]he Court has considered whether the above offense(s) should be felonies or misdemeanors."

Prior to the disposition hearing, the district attorney filed a new wardship petition (Petition C) alleging that F.M. committed a felony assault with force likely to produce great bodily injury (§ 245, subd. (a)(4); count 1), with a gang enhancement (§ 186.22, subd. (b)(1)(A)), and felony active participation in a criminal street gang (§ 186.22, subd. (a); count 2). On that same date, the district attorney filed a Welfare and Institutions Code section 777 petition alleging that F.M. violated his probation in Petition A by failing "to obey all laws."

At a subsequent court appearance, F.M. admitted the allegation that he committed felony assault with force likely to produce great bodily injury. The juvenile court found F.M. had violated his probation.

At the dispositional hearing on Petitions B and C, as well as F.M.'s probation violations, the juvenile court continued F.M. as a ward of the court and found him eligible for placement at a ranch camp, with various terms and conditions. The juvenile court set F.M.'s maximum confinement time at six years two months.

F.M. timely appealed. This court affirmed the dispositional order after modifying the maximum term of confinement to comply with Welfare and Institutions Code section 726, subdivision (d)(1). The Supreme Court granted review to determine "whether this matter should be remanded to the juvenile court in light of its failure to comply with section 702." (*F.M.*, *supra*, 14 Cal.5th at p. 710.) It reversed the judgment

---

[4] The probation department filed a Welfare and Institutions Code section 777 petition in March 2020 alleging that F.M. violated his probation by "fail[ing] to obey all laws in that he participated in an assault with a deadly weapon and participated in criminal street gang activity."

4

of the Court of Appeal and remanded the matter "for further proceedings consistent with this opinion." (*Id.* at p. 718.)

## II.    DISCUSSION

Welfare and Institutions Code section 702 provides, in pertinent part:  "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony."  Welfare and Institutions Code section 702 requires an explicit declaration by the juvenile court whether the offense would be a felony or misdemeanor.  (*Manzy W., supra,* 14 Cal.4th at p. 1204.)  "The requirement is obligatory: '. . . [S]ection 702 means what it says and mandates the juvenile court to declare the offense a felony or misdemeanor.' "  (*Ibid*.)  The court's choice whether to treat a wobbler offense as a misdemeanor or felony must be declared on the record at a hearing "before or at the time of disposition."  (*G.C.*, *supra*, 8 Cal.5th at p. 1126.)

However, there is no " 'automatic' " right to remand "whenever the juvenile court fails to make a formal declaration under Welfare and Institutions Code section 702." (*Manzy W.*, *supra*, 14 Cal.4th at p. 1209.)  "[S]peaking generally, the record in a given case may show that the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler.  In such case, when remand would be merely redundant, failure to comply with the statute would amount to harmless error. . . .  The key issue is whether the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense as a misdemeanor and to state a misdemeanor-length confinement limit."  (*Ibid*.)

When reviewing our judgment, the Supreme Court in *F.M.* clarified that errors under section 702 should not be assessed under the harmless error standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836, which requires reversal only when it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.  Citing *Manzy W.*, the Court instead declared that the

5

relevant standard for determining whether section 702 error is harmless is whether the record shows that the juvenile court was both aware of and exercised its discretion to determine whether a wobbler offense is a misdemeanor or felony. (*F.M.*, *supra*, 14 Cal.5th at pp. 712-713.)

Based on the juvenile court's recitations on the record, this court had concluded in our prior opinion that the juvenile court elected to designate the offenses as felonies. We determined that remanding the matter to the juvenile court for an explicit declaration of the felony status of the offenses F.M. admitted would be "merely redundant." (*Manzy Z.*, *supra*, 14 Cal.4th at p. 1209.)

The Supreme Court disagreed. The Court emphasized that section 702 serves the purpose of ensuring that the juvenile court understands its choice to subject a juvenile to the consequences attendant to a felony conviction, particularly a serious or violent felony under the "Three Strikes Law." (*F.M.*, *supra*, 14 Cal.5th at p. 705; § 667.) Thus, record evidence that the juvenile court was cognizant of its discretion is central to the application of the standard of review in assessing section 702 error. (*F.M.*, at p. 712.)

With these considerations in mind, the Supreme Court determined that the record here did not demonstrate that the juvenile court was aware of its discretion and exercised it. (*F.M.*, *supra*, 14 Cal.5th at p. 716.) The Court noted that in *Manzy W.* the juvenile court did not refer to its authority to declare an offense a misdemeanor, and counsel did not draw the juvenile court's attention to its section 702 discretion, either of which could provide evidence of the court's cognizance of its discretion. (*F.M.*, at pp. 709-710.) Such evidence is absent from F.M.'s record as well.

"The Court of Appeal justified its refusal to remand with three considerations[.] . . . But similar considerations were presented in *Manzy W.*[.] . . . Here as in *Manzy W.*, these features of the record are not enough to show that the juvenile court was 'aware of, and exercised its discretion' to treat a wobbler as a misdemeanor or as a felony." (*F.M.*, *supra*, 14 Cal.5th at p. 716.) The Court also rejected the Attorney General's argument

that the minute order for Petition B provided evidence of the juvenile court's awareness of its authority under section 702, as the order did not specify whether the court considered all the charged offenses or only those offenses the minor admitted. In any event, the minute order may not substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony, and no such minute order existed for the Petition C offenses. (*F.M.*, at p. 717.) "Applying *Manzy W.*, we conclude that a remand is required on this record." (*Id*. at p. 716.)

In accordance with the Supreme Court's decision, we reverse the dispositional order and remand for the juvenile court to comply with Welfare and Institutions Code section 702 by expressly declaring each wobbler offense admitted by the minor to be a misdemeanor or felony.

### III.   DISPOSITION

The dispositional order is reversed and remanded for the juvenile court to expressly declare each wobbler offense admitted by the minor to be a misdemeanor or felony under Welfare and Institutions Code section 702.

7

_____
Greenwood, P. J.

WE CONCUR:


_____
Grover, J.




_____
Danner, J.




H048693
People v. F.M.