Filed 9/14/23  In re Frank J. CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re FRANK J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. FRANK J., Defendant and Appellant. | A166039 (Contra Costa County Super. Ct. No. J2200065) |

**MEMORANDUM OPINION[1]**

Frank J. (Minor) appeals from the disposition order entered by the juvenile court after it sustained a count of carrying a loaded firearm in a public place (Pen. Code, § 25850, subd. (a)).  His sole argument is that the juvenile court erred by failing to declare whether his offense was a misdemeanor or felony, as it was required to do under section 702 of the Welfare and Institutions Code.[2]  We agree with Minor and the People that

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1(1), (2).

[2] Undesignated statutory references are to the Welfare and Institution Code.

1

this was error and that the proper remedy is to remand the matter to the juvenile court.

A supplemental wardship petition[3] was filed against Minor on July 7, 2022, alleging that he committed two new felony offenses: carrying a loaded firearm not registered to him (Pen. Code, § 25850, subds. (a) and (c)(6), count 1) and carrying a loaded firearm in a public place (Pen. Code, § 25850, subd. (a), count 2). At a contested jurisdiction hearing, the juvenile court sustained count 2 and found count 1 not sustained. At disposition on August 16, 2022, the juvenile court continued Minor's wardship with no termination date and committed Minor to a county institution for a period not to exceed two years and 184 days, or until age 23, whichever comes first. At no point did the juvenile court declare whether count 2 was a misdemeanor or felony.

A violation of Penal Code section 25850, subdivision (a), may be punished as a felony, a misdemeanor, or an alternate felony/misdemeanor, commonly known as a "wobbler" offense, depending on certain circumstances. (Pen. Code, § 25850, subd. (c); *In re D.D.* (2015) 234 Cal.App.4th 824, 829.) Section 702 provides that if a minor "is found to have committed an offense which would in the case of an adult be punished alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." The requirement imposed by section 702 is " 'obligatory' rather than 'merely "directory," ' " and "requires an explicit declaration," which must be made at or before disposition. (*In re G.C.* (2020) 8 Cal.5th 1119, 1125.) " '[N]either the pleading, the minute order, nor the setting of a felony-level

---

[3] Before the supplemental petition was filed, Minor had admitted to misdemeanor counts of evading a peace officer (Veh. Code, § 2800.2, subd. (a)) and receiving stolen property (Pen. Code, § 496d); had been adjudged a ward of the court with no termination date; and had been placed on probation.

period of confinement may substitute' for the required declaration." (*In re F.M.* (2023) 14 Cal.5th 701, 712 (*F.M.*), quoting *In re Manzy W.* (1997) 14 Cal.4th 1199, 1208.)  Accordingly, the juvenile court's failure to declare whether count 2 was a misdemeanor or a felony was error.

Remand for compliance with section 702 is required "unless the record as a whole establishes that the juvenile court 'was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler.' " (*F.M.*, *supra*, 14 Cal.5th at p. 712 [reaffirming *Manzy W.*].)  Both parties assert that remand is required here; based on our review of the record, we agree with them.

## DISPOSITION

The matter is remanded to the juvenile court for it to declare Minor's offense to be a felony or misdemeanor.  If upon remand the court declares the offense to be a misdemeanor, then the court shall recalculate the maximum term of confinement under section 726, subdivision (d).

_____
Miller, J.

WE CONCUR:


_____
Stewart, P.J.


_____
Markman, J.*



A166039, *People v. Frank J.*

---

* Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4