Filed 9/4/24  In re I.T. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re I.T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E083141 |
| Plaintiff and Respondent, | (Super.Ct.No. SWJ2100391) |
| v. | OPINION |
| I.T., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michele A. Mathis, Judge.

Affirmed in part; reversed in part, and remanded with directions.

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Brendon Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant I.T. appeals from the juvenile court's disposition in which the court did not designate either of his wobbler offenses as a misdemeanor or a felony, contrary to Welfare and Institutions Code section 702 and *In re F.M.* (2023) 14 Cal.5th 701 (*F.M.*).[1] Respondent concedes the error, and we accept the concession as correctly stating the law. I.T. does not challenge the court's decision continuing him as a ward of the court. (§ 602.) Accordingly, we affirm the court's wardship determination, but remand the matter with directions. Specifically, on remand the juvenile court must exercise its discretion to determine whether each offense, both of which I.T. admitted, shall be treated as a misdemeanor or a felony.

## STATEMENT OF THE CASE

In November 2023, the Riverside County District Attorney's Office filed a subsequent section 602 petition alleging I.T. committed felony evasion (Veh. Code, § 2800.2, count 1), felony vehicle theft (Veh. Code, § 10851, subd. (a), count 2), and felony receipt of stolen property (Pen. Code, § 496d, subd. (a), count 3).

On November 29, 2023, I.T. admitted the truth of counts 1 and 2, and the juvenile court dismissed count 3.

The court continued I.T. as a ward of the court. The court further ordered I.T. to be placed in a suitable group or foster home with a maximum term of confinement of three years 10 months. I.T. appealed.

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

DISCUSSION

"Some crimes, known as wobbler offenses, are punishable either as misdemeanors or as felonies at the discretion of the sentencing court.  Welfare and Institutions Code section 702 provides that when a minor is found to have committed a wobbler offense, 'the court shall declare the offense to be a misdemeanor or felony.'"  (*F.M.*, *supra*, 14 Cal.5th at p. 704.)  Pursuant to section 702, an express declaration of felony or misdemeanor treatment must be made at a hearing "before or at the time of disposition." (*In re G.C.* (2020) 8 Cal.5th 1119, 1126.)

"[S]ection 702 error is not harmless unless the record shows that the juvenile court was 'aware of, and exercised its discretion' as to each wobbler alleged against the minor." (*F.M.*, *supra*, 14 Cal.5th at p. 717.)  "[N]either the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony."  (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1208.)  None of these demonstrate the requisite awareness of the juvenile court's authority and responsibility to, in the court's discretion, afford misdemeanor treatment or insist on felony consequences.  (*F.M.*, *supra*, 14 Cal.5th at p. 717.)  Section 702 "'ensur[es] that the juvenile court is aware of, and actually exercises, its discretion' as to whether a juvenile's wobbler offense should be adjudicated as a misdemeanor or felony."  (*F.M.*, at p. 705.)  A declaration that the offense is a felony means the offense may constitute a serious or violent felony strike if the minor reoffends. (*Ibid*.)

That the juvenile court may seem to "behav[e] as though the offense is a felony does not show that the court made a conscious choice to treat the offense as a felony or as a misdemeanor—precisely the choice that section 702's express declaration mandate requires juvenile courts to make." (*F.M.*, *supra*, 14 Cal.5th at p. 709.) To the contrary, absent an express declaration, "it is also consistent with the opposite proposition: that the trial court did not understand its discretion in treating the wobblers as felonies." (*Id.* at p. 717.)

Here, as in *F.M.*, because the court did not make an express declaration as to whether it deemed the minor's offenses to be felonies or misdemeanors, and the record as a whole does not demonstrate the juvenile court was aware of and exercised its discretion, remand is required. (*F.M.*, *supra*, 14 Cal.5th at p. 717.)

## DISPOSITION

The juvenile court's disposition continuing I.T. as a ward of the court is affirmed. The matter is remanded with directions to the juvenile court to exercise its discretion to decide upon misdemeanor or felony treatment for each of I.T.'s two offenses.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.
FIELDS
J.

4